OPINION of the Court, by
Judge Logan.
This was an action of detinue for the recovery of a negro, The plaintiff derived his right under the sale ot asup-Pose<í agent of an administratrix. To prove the agency, he introduced the agent himself, who deposed to his authority to sell by a letter from the administratrix, kad been accidentally lost or mislaid; and that he sold to the plaintiff then in possession of said negro for the purpose of paying a debt against the estate of the This evidence was, on the motion of the de-
fendant, excluded from the jury as incompetent, The plaintiff then introduced another witness, to prove contents of the letter and the hand writing of the administratrix ; but this was objected to, unless the letter was produced, and the agent held incompetent to prove its Ioss.
The first question presented for consideration is, whether upon those points the court below erred ?
The principle that an agent is a competent witness, is incontestably settled. He stands in the character of a disinterested and indifferent witness between the parties. The verdict and judgment, either in favor of one or against the other, leaves him in the same situation, as responsible to the other. If the plaintiff recovers on his agency, when in fact he was not the agent, but had assumed an agency which could only be established by his own evidence, he would be answerable to the defendant 5 and if he assumed the character of an agent without be *245 ing; authorised, and in such character imposed on the plaintiff, he would be responsible to him. So that as between the parties he stands indifferent, and is therefore competent — See Peak’s Evidence 173.
The loss ot the letter is accounted for in the usual manner. The only witness presumed to have knowledge of that fact is the person to whom it was directed and to whose care it was conftded. But if the witness is competent to give evidence in chief, he is surely admissible to account for the nonproduction of the letter ; ánd more need not be said with respect to the other witness, than that her evidence appears admissible and relevant to the point in contest, as the loss of the letter had been sufficiently proven.
It has, however, been contended, that authority to sell must be by deed. Of the correctness of this position there can be no doubt in relation to an estate which can only pass by deed : for as by deed only the proprietor can transfer during life such property, so it follows that by deed only from him through .his agent can such transfer be mad?. But it does not follow that the power would be void and the sale unavailable even with respect to such property, provided those evidences thereof existed which are essential to compel the prinif cipal himself to comply with the contract.
A deed, nay a writing itself, is not essential to pass the right to a slave from the seller to the purchaser. And there is no law distinguishing this case from the Ordinary transactions of reputed agents for others : for although the agent in the present instance may not have acquired the reputation of an agent to make such sales for the principal, so as to impose on innocent purchasers, yet the letter evidenced in a manner more satisfactory and conclusive that trust from the principal, and was calculated to induce a confidence in the purchaser which nothing but positive law should be permitted to overthrow.
The judgment must therefore be reversed with costs, and the cause remanded for anew trial,