The Chief Justice
delivered the opinion of the court.
This is an appeal taken by the defendants in an action of ejectment, from a judgment rendered in favor of the plaintiff.
The first question which the record presents, relates to the competency of a witness who was admitted by the circuit court, the objection of the defendants in that court notwithstanding.
The witness had intermarried with one of the heirs of William Hays, deceased, under conveyance from whom the lessor of the plaintiff claimed the land in controversy, and the witness had executed the deed of conveyance for himself as well as attorney in fact for the other heirs, and was called to prove the execution of the power of attorney under which he acted.
Considered in the light of a mere agent, the witness was unquestionably competent, as well to prove the authority under which he acted, as to prove any other fact in the case. Cisna vs. Kirkpatrick, 3 Bibb, 244. And considered in the light of a vendor, he could not be incompetent, unless he had made himself responsible for the title; but it appears from the deed of conveyance that he undertook to warrant the title only as against himself and the other heirs *243 and those claiming under them; and it is not pretended that the defendants in the action held the possession in virtue of any title derived from them, or either of them.
A vendor without recourse, is a competent witness.
A tenant in possession acquirinq possession of the premises under the plaintiff's title, is estop'd to impeach that title, or shew an elder outstanding title in another
The plaintiff's lessor having never been seised does not change the relative attitude of the parties.
The witness could not, therefore, have been interested in the event of the suit, and consequently was correctly adjudged to be competent by the circuit court.
The only other question presented by the record which seems material to be considered, is, whether the defendants, under the circumstances of this case, could protect themselves in the possession by shewing an outstanding title in a stranger?
It appears that in 1793, Hays, under a conveyance from whose heirs the lessor of the plaintiff claims, sold the land in controversy to the ancestor of the defendants, and gave to him a bond for the conveyance thereof, with general warranty: That in 1794 the ancestor of the defendants entered into the possession under Hays, and that he and they have continued to hold the possession ever since, claiming to hold under Hays until 1805, since which they set up claim under one Miller, but produced no title derived from him, nor did they notify Hays or his heirs at any time, that they did not intend to hold under him or them.
Under these circumstances, we can have no hesitation in saying that the defendants could not avail themselves of an outstanding title in a stranger, to defeat the recovery of the plaintiff. It is a settled rule, that he who enters under another is estopped to deny or controvert the title of him under whom the possession was acquired. This, as a general rule, was admitted to be correct; but it was contended in argument, that it applied only to cases where there was a previous seisin in him under whom the possession had been taken, and that it was inapplicable to a case like the present, where there appears to have been no such previous seisin. We cannot, however, perceive, any reason for a distinction between the cases. In either case good faith equally requires that the possession should be held according to the title under which it was acquired. If a tenant who enters under another, should oust a stranger of the possession, he might, no doubt, be treated by the stranger as a disseisor. But this circumstance could not, while the tenant continued to enjoy the possession, affect the relation between him and the person under whom he had entered. As between them the relation would be the same as if no oyster had been committed; and any act done by the ten *244 ant tending to defeat or destroy that relation, would be a fraud upon the rights of the person under whom the possession was obtained.
Wickliffe for appellant, Bibb for appellee.
We are therefore of opinion, that the circuit court correctly decided that the defendants could not defend themselves by shewing an outstanding title in a stranger.
The judgment must be affirmed with costs.