WILLIAM W. CROOM, APPELLANT, VS. JOHN NOLL AND WIFE,

APPELLEES.

1. An agent is a competent witness to prove his own authority if it be by parol.

2. He stands in the character of a disinterested and indifferent witness between the parties in all ordinary cases.

3. If the plaintiff recovers on his agency when in fact he was not agent, but had assumed an agency which could only be established by his own evidence, he would be answerable to the defendant ; and if he assumed the character of agent without being authorized, and in such character imposed on the plaintiff he would be responsible to him.

4. Agents are witnesses, and in many cases they are so *ex necessitate,* even where they may be *interested.*

5. The exception being founded upon considerations of public necessity and convenience, it cannot be extended to cases where the witness is called to testify, to matters out of the usual and ordinary course of business.

6. Where the agent has a direct interest in the event of a suit relating to a con-

tract made by him independently of his acts as agent, he is not a competent witness for his principal in regard to such contract.

7. Notwithstanding the *prima facia* appearance of an interest on the part of the witness on the face of the record, yet his evidence ought not to be rejected without examining him on his *voir dire* as to his *situation*, or adducing other proof to show that fact.

8. As a general rule the vendor of goods having possession and selling them as his own, is held bound in law to warrant the title, and therefore, he is generally not a competent witness for the vendee in support of the title.

9. But it does not follow that the vendor of goods is necessarily interested or bound to warrant the title. He may not have been in the possession of the goods when he sold them, or he may have sold them *without recourse*; or he may have a *release* from the purchaser.

10. The disqualifying interest must be some certain, legal and immediate interest however minute, either in the event of the suit or in the record, as an instrument of evidence, in support of his own claims in a subsequent action.

11. The mode of *proving the interest of a witness*, is either by his own examination or by evidence *aliunde*.

12. When the objection to the competency of the witness arises from his *own examination*, he may be further interrogated to facts tending to remove the objection, though the testimony might on other grounds be inadmissible.

Appeal from a judgment of the Circuit Court for Gadsden County.

For a full statement of the facts presented by the record, reference is made to the opinion of the Court.

*P. W. White,* for Appellant.

*Bolling Baker,* for Appellees.

DOUGLAS, J., delivered the opinion of the Court.

The appellant instituted an action of assumpsit in Gadsden Circuit Court against the appellees, on a promissory note. There is but one count in his declaration, which is as follows, to wit: William W Croom complains of John Noll and his wife, Elizabeth Noll, who were summoned to

answer him by a plea of trespass on the case upon promises.

For that whereas, the said Elizabeth Noll, while she was sole and unmarried, to wit : on the fifteenth day of December, in the year of our Lord, one thousand eight hundred and forty-eight, at Tallahassee, to wit : in the County of Gadsden aforesaid, made her certain promissory note in writing, bearing date a certain day and year therein mentioned, to wit: the day and year aforesaid, and thereby, then and there promised one day after the date thereof, to pay Coe, Anderson & Co., or order, the sum of one hundred and eleven dollars and seventy cents, for value received, and then and there, delivered the said promissory note to the said Coe, Anderson & Co., who by the endorsement thereof transferred the same to the said plaintiff, by means whereof the said Elizabeth Noll, while she was sole and unmarried, then and there became liable to pay to the said plaintiff the said sum of money, in the said promissory note specified according to the tenor and effect of the same, and being so liable, &c., going on and concluding in the usual form.

To this declaration the defendants put in three pleas.— First, The general issue. Second, That the said Elizabeth did not sign or execute, make or deliver any such note as that described in plaintiff's declaration. Third, That no consideration was ever given for the said note. The last two pleas concluded with a verification and were put in under oath, which under the provisions of our Statute cast the burthen of proof upon the plaintiff; a jury was empannelled and sworn, whereupon the plaintiff offered the above described note in evidence and to prove the execution consideration and assignment of the said note;" also

offered in evidence the deposition of the said Albert Best-
wick, who testified,—*First*, That he did not know John
Noll, but did know Elizabeth Batingriter in 1848. *Second*,
That the said note was made by Elizabeth Batingriter in
his presence, on the day of its date. She made her mark
to it in his presence ; that it was delivered to him as agent
for Messrs. Coe, Anderson & Co. ; that the consideration
of this note was goods, wares and merchandise, sold by
him to her. The account for said goods was assigned by
him to said Coe, Anderson & Co., with other accounts and
notes in payment of debts due to them by him ; that he
was acting as their agent for certain purposes ; the ac-
count of Elizabeth Batingriter and other accounts and
notes which he had assigned, as above stated, to Coe, An-
derson & Co., were left by them in his hands for collec-
tion andettlement, and that he did go on to collect and set-
tle them as their agent, and as such agent he took the note
above referred to, to close the open account that as agent
for said Coe, Anderson & Co., he sold that note to A. K.
Allison, on the 27th March, 1849, and delivered it to him.

The defendants objecting to the testimony of Albert
Bestwick as a witness in this case on the ground of inter-
est in the cause of action, and ultimate liability to the
holders, and for incompetency generally to testify in the
case, filed sundry cross interrogatories, and the said wit-
ness upon his cross examination testified that Elizabeth
Batingriter, for several years prior to the date of said
note, had an open account at his store in Tallahassee ; it
varied in amounts at different times, sometimes she owed
him two or three hundred dollars. The amount she owed
him when the note was given, was the amount specified in
the note ; that he had previously transferred the accounts

to Coe, Anderson & Co., so that she owed them and not him, and was indebted to them for that amount and upon that consideration ; that he was indebted to Coe; Anderson & Co., at that time and previously, and did transfer to said firm, notes and accounts due to him ; that he never had any written authority or power to act for Coe, Anderson & Co. ; *that his authority was verbal only*, and received from John Geo. Anderson of that firm. To which deposition the defendants' counsel objected, *because* of the incompetency of the witness on account of his interest as disclosed by the deposition and by his endorsement of the note, which objection was sustained by the Court. The plaintiff then offered to examine A. K. Allison as a witness, to which the defendants objected because of his interest as guarantor, which objection was also sustained by the Court, and the witness was not examined.

The defendant moved to exclude the evidence of Bestwick unless the plaintiff should first prove by evidence *aliunde* the deposition of Bestwick, that Bestwick was the agent of Coe, Anderson & Co., the payees of the note.—— The Court overruled the defendant's motion and ruled that the witness was competent to prove his own agency, unless it was shown that witness was interested in establishing the fact of agency ; to all which rulings of the Court the defendant excepted, and prayed the Court to sign his bill of exceptions, which was accordingly done.

The jury returned a verdict for the defendants, wherefore judgment was entered, and whereupon the plaintiff appealed to this Court, and the question now presented for our consideration is, whether these several rulings were correct or not.

The first question presented is, whether Bestwick is a

competent witness to prove his own authority.   It will be observed by reference to   his deposition that he says, that he never had any written  power  of attorney  to act  for Coe, Anderson  &  Co., *that his authority was  verbal  only ;* and Professor Greenleaf in his able treatise on the  Law of Evidence, vol. 1, page 564, 3 Ed., 1846, lays down the rule expressly, that " an agent  is  a competent witness to prove his own authority  if it be  by  parole."    In Rice vs.  Gore 22 Pickering, 160, Dewey, J., delivering the opinion of th *e* Court, said,  " the general principle  that the  testimony of agents and servants  may be given  without  a release,  is  a familiar one, and is not controverted by the counsel for the defendant ;  but  he denies  the   competency  of one pro- fessing  to have  acted as agent, to establish the fact  of  his authority by his own testimony.    " The principle (he says,) as found in the elementary books, as well  as in the  report- ed cases,  seems to be broad   enough to support the position that in an action against the principal, the authority of the agent to act may be proved  by  the agent  himself, citing Paley on Agency, 212, and  1 Philips on  Evidence, 79.    In this case suit had been brought on a promissory note which was as follows, viz :

" Boston,   October 20,  1836.

" For value received we *jointly* and *severally*   promise to pay Samuel Rice, him or  his order,  the  sum of one hun- dred dollars,  borrowed money,  on demand  with interest.— Patten and Johnson for Ira Gore."   The defendant denied the authority of Patten  and  Johnson to borrow money or execute notes as his agent.   The plaintiff offered in  evi- dence the deposition of Patten, for the purpose of proving that he was authorized to act for the defendant.   The de- fendant objected to the admisssion of the deposition on the

8

ground that the deponent was interested, but the objection was overruled and the question reserved for the consideration of the Court. The jury found a verdict for the plaintiff. If the deposition was inadmissible, the verdict was to be set aside, and a new trial granted, otherwise judgment was to be entered on the verdict, and after a full argument before the Supreme Judicial Court, *judgment was entered on the verdict.* We have cited this the more at length because it was decided by a very able Court, and seems to be much in point. Paley and Phillips also lay down the rule as it is stated by Greenleaf. Kirkpatrick vs. Cisna, 3 Bibb, 244, is also in point. This was an action of detinue for the recovery of a negro. The plaintiff derived his right under the sale of a supposed agent of an administratrix. To prove the agency he introduced the agent himself, who deposed to his authority to sell, by a letter from the administratrix, which had been accidentally lost or mislaid, and that he sold to the plaintiff, then in possession of said negro, for the purpose of paying a debt against the estate of the intestate. This evidence was on motion of the defendant excluded from the jury as incompetent. The case was taken up to the Court of Appeals, and for this cause the judgment was reversed with costs, and the cause remanded for a new trial. The Court said, " the principle that an agent is a competent witness is incontestably settled. He stands in the character of a disinterested and indifferent witness between the parties. The verdict either in favor of one or against the other, leaves him in the same situation, as responsible to the other. If the plaintiff recovers on his agency when in fact he was not agent, but had assumed an agency which could only be established by his own evidence, he would

be answerable to the defendant; and if he assumed the character of agent without being authorized, and in such character imposed on the plaintiff, he would be responsible to him, so that as between the parties he is indifferent, and is therefore competent." See Peake's Evidence, 178. Here then we have the general rule upon which the competency of the agent to prove his own authority as agent is placed, and it seems to be in accordance with general principles.

" As a general rule (say the Supreme Court of Indiana, 8 Blackf., 49,) agents are witnesses, and in many cases they are so ' *ex necessitate,*' even when they may be interested." In Fisher vs. Willard, 13 Mass. R., 380, Lincoln for defendant argued that " Richards was an incompetent witness—that he was in fact the party in interest." The Court remark upon this, that " no rule of evidence is better established than the sufficiency of the objection of interest to the competency of a witness ; but the exception from the rule, that agents and factors are admitted from the necessity of the thing, is as well known as the rule itself."— And see also, Phillips and others vs. Bridge, 11 Mass. R., 246 ; and Stringfellow vs. Hobson and Marriat, 1 Ala. R., N. Series, 573 to 575.

" The exception being thus founded upon considerations of public necessity and convenience for the sake of trade, and the common usage of business, it is manifest that it *cannot be extended* to cases where the witness is called to testify to *matters out of the usual and ordinary* course of business." 1 Greenleaf Evidence, sec. 417, page 564.

So " where the agent has a direct interest in the event of a suit relating to a contract made by him independently of his acts·as agent, he is not a competent witness for his.

principal in regard to such contract." Steam Navigation Co. vs. Dandridge, 8 Gill. and John., 248.

But even if it appears *prima facie* that Bestwick was interested, (and certainly nothing more appears here,) his testimony should not have been ·rejected, for it has been holden that notwithstanding the prima facie appearance of an interest on the part of the witness on the face of the record, yet his evidence ought not to be rejected without examining him on his *voir dire* as to his situation. Bunter vs. Warre, 1 Barn. & Cresw., 689. Wandless, assignee, &c. vs. Cawthorne, 1 Mood & Malkin, 320.

As a general rule the vendor of goods having possession and selling them as his own, is held bound in law to warrant the title, and therefore he is generally not competent as a witness, for the vendee, in support of the title ; 1 Greenleaf Ev., page 546, sec. 398, Ed. 1846, and authorities there cited. 2 Kent Com., page 498, and authorities there referred to.

The case of Bunter vs. Warre, (B. & C., 689, above cited,) was an action of replevin; avowry alleging a joint holding by the plaintiff and T. B., who was no party to the record ; the testimony of T. B. having been rejected without an examination on the *voir dire* to enable him to explain his situation, a new trial was granted. In Wandless vs. Cawthorne, 1 M. & M., 321, also above cited, it was held that in an action by the assignee of a Bankrupt, the competency of the Bankrupt could be restored by the examination of the Bankrupt on the *voir dire, without producing the release and certificate.*

But it does not follow that the vendor of goods is necessarily interested, or bound to warrant the title ; he may *not* have been in possession of the goods when he sold

them, or the purchaser may have run the hazard, if he was, by buying them *without recourse.* In either of these cases he would not be bound to warrant the title or have any interest on account of the sale. Again, Bestwick may have a *release* from Coe, Anderson & Co., from all liability in regard to the matter.

The interest to disqualify must be some legal, certain and immediate interest, however minute, either in the event of the cause itself, or in the record as an instrument of evidence, in support of his own claims, in a subsequent action. 1 Greenleaf's Ev., page 533, sec. 386, Ed. 1846, and authorities there cited.

The mode of *proving the interest* of a witness is either by his own examination, or by evidence *aliunde.* Ibid, page 513, sec. 423.

When the objection to the competency of the witness arises from *his own examination,* he may be further interrogated to facts tending to remove the objection, though the testimony might on other grounds be inadmissible. Ibid, page 572, sec. 422.

Bestwick, the witness in this case, was not examined to enable him to explain his situation touching his alleged interest in regard to the account of Elizabeth Batingriter, (now Elizabeth Noll,) assigned by him (Bestwick) to Coe, Anderson & Co., which was the consideration of the note on which this suit is founded, nor was any other testimony taken, to show whether he had a *legal, certain and immediate interest* respecting the said account or not, and as by the record such an interest does not appear, but at most only a *prima facie* interest, therefore the judgment of the Court below must be reversed and the cause remanded to that Court for a new trial, that an opportunity may be af

forded for such examination or for the reception of other proof as to his situation in regard to said account, for if he is not interested in sustaining that account, he is, for aught that appears, a competent witness in regard to the whole matter.

Some other questions are presented by the record, but not in such a shape that we can with propriety consider them; but if we could, we doubt if they would change the result.

Let the judgment be reversed and the cause remanded to the Court from whence it came, for further procedings in accordance with this opinion.

[Note.—In this case, DuPont, J., who was of counsel for plaintiff in the Court below, did not sit at the hearing in this Court. Hon. Wm. A. Forward, Judge of the East-'ern Circuit, took his place on the Bench.]