G. N. SAUSSY, PLAINTIFF IN ERROR, VS. SOUTH FLORIDA
R. R. Co., DEFENDANT IN ERROR.

1. In a suit for damage resulting from firing wild forests or woods, if the plaintiff in such suit have notice of the intention of the defendant to fire the same, (section 1, chap. 3141, Laws of Florida,) it is an immaterial inquiry so far as such plaintiff is concerned as to whether other persons living within a mile of the place intended to be fired were notified of such intention or not.

2. Evidence of the "*reputation of a witness as a servant of the company*," is inadmissible.

3. A party to a suit will not be allowed to introduce evidence of the reputation for truth and veracity of one of his own witnesses, where the character of such witness has not been attacked in any way by his adversary.

4. Mere contradiction among witnesses examined in court supplies no ground for admitting evidence of the general character of either of them.

5. Sec. 1, chap. 3141, regulating the time and manner of firing wild forests and woods, has no application to a firing which is unintentional.

Writ of error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Scott & Thrasher* for Plaintiff in Error.

*S. M. Sparkman* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

Plaintiff in error brought a suit against the South Florida Railroad Company in the Circuit Court of Orange county.

The declaration alleges that the South Florida Railroad Company unlawfully and negligently, and without giving notice to plaintiff of its intention to set fire to the

woods within one mile of the plaintiff's land, on which were situated a house and some orange trees enclosed by a fence, did carelessly and negligently set fire to the grass and stubble within one mile of said land, and that the fire was communicated to the plaintiff's land and destroyed his house and orange trees and 300 panels of fence, to his damage of $1,050.

Plea of not guilty, verdict and judgment for defendant.

Plaintiff in error applied for a new trial on the ground that the verdict was contrary to the evidence. The motion was overruled and the plaintiff in error assigns this as error.

As to this assignment, inasmuch as the case must go back for a new trial, it is improper that we should express any opinion as to the weight or sufficiency of the testimony. The next error assigned is that the court erred in sustaining defendant's objection to the plaintiff's question to B. L. Griffin.

This question was as follows: "Had you received any notice of the intention on the part of the railroad employes to set out fire on the 25th day of March last." This question was objected to, the objection sustained, and plaintiff excepted.

The witness, in reply to a former question, had stated that he lived within a mile of the place where the fire originated. Sec. 1, chap. 3141, Acts of Legislature, is as follows: "It shall not be lawful for any person to set fire to or burn any wild forests or woods in this State, except between the 15th day of February and the 31st day of March, of each year: *Provided*, That if the County Commissioners of any county in this State shall determine that the interests of the people of such county will be promoted by making the period during which the woods may be burned in such county different from that provided for in this sec-

tion, they shall give notice by publication in a newspaper having circulation in their county, or by posting at three or more conspicuous places, and the time so designated in such notice shall be the time for burning the woods in such county: *Provided, further,* That any person intending to set fire to any woods, shall give notice of such intention to all persons living within one mile of the place intended to be fired."

There was no error in refusing to allow this question, notwithstanding the statute requires that a person intending to set fire to the woods shall notify *every person* living within a mile of the place intended to be fired of such intention, yet if the plaintiff was notified it was a sufficient compliance with the law so far as he was concerned, and it was immaterial whether other persons were informed or not.

The evidence of the plaintiff tended to show that the woods were fired by a gang of hands in the employment of defendant, who were burning the grass around some piles of cross ties and wood of defendant to prevent their loss by fire, and by their negligence in not whipping it out after they had burned the place they wished to burn, it was communicated to the surrounding grass, and thence to plaintiff's premises, and burned his fence, orange grove and house, as alleged. The hands were in charge of one Tony Taylor. In the course of the trial the defendant's counsel asked of a witness, " what is the reputation of this man Tony Taylor as a servant of the company ? " Plaintiff's counsel objected, his objection was overruled, and he excepted. It will hardly be considered necessary to assign a reason for declaring such a question wholly improper.

Afterwards defendant's counsel asked another witness, B. R. Swoop, " are you acquainted with Tony Taylor, and if so, what is his general character for truth and veracity in

the community in which he lives?" So far as this record shows, nobody had assailed Tony's character for anything. It is true that Tony and a witness for plaintiff differed materially in their remembrance of an important event, as to which they testified on the trial, " but mere contradiction among witnesses examined in court supplies no ground for admitting general evidence of character." Greenleaf on Evidence, vol. 1, sec. 469. In Bishop of Durham vs. Beaumont, 1 Campbell, p. 207, Lord Kenyon said evidence to support the character of a witness is not admissible unless fraud is expressly imputed to him.

In conclusion we would suggest to counsel to inquire if the defendant is responsible under the act above mentioned, (sec. 1, chap. 3141,) in the absence of an express command from the company to its agents to fire the woods, and further whether, if the railroad company is responsible at all, if it is not under a familiar principle at common law of *respondeat superior*, holding the principal responsible for injuries caused by the negligence of his servant done in pursuance of and within the scope of the business intrusted to him. As we are advised now by the evidence in the record, we are unable to see that the statute quoted above has any application to or bearing upon the plaintiff's case.

Judgment reversed and new trial granted.