THE ORANGE BELT RAILWAY COMPANY, A CORPORATION OF THE STATE OF FLORIDA, PLAINTIFF IN ERROR, VS. MARY A. COX, ADMINISTRATRIX OF THE ESTATE OF JAMES. A COX, DECEASED, DEFENDANT IN ERROR.

> The authority of an agent can not be proven by the declarations or representations of such alleged agent which were not known to or ratified by the alleged principal.

Writ of Eror to the Circuit Court for Hilsborough County.

The facts in the case are stated in the opinion of the court

*Thos. E. Wilson,* for Plaintiff in Error.

No appearance for Defendant in Error.

PER CURIAM.

This cause being reached in its regular order for final adjudication, was referred by the court to its commissioners for investigation, who report that the judgment of the Circuit Court ought to be reversed.

James A. Cox, the intestate of defendant in error, sued the plaintiff in error upon a single count alleging "for that whereas one day of Jan'y. A. D. 1887, in consideration that the plaintiff at the request of the defendant had before that time done and bestowed certain work and services in and about the business of the defendant, and for it the defendant promised the plaintiff to pay him on

request so much money as he therefore reasonably deserved to have, and the plaintiff avers that he then and there reasonably deserved to have therefor the sum of," etc., filing therewith as a bill of particulars the following:

"Orlando, Florida, June 24th, 1889.

By commisions on donations of Williams property at St. Petersburg, $20,000."

The defendant filed two pleas, the first that it never was indebted, and the second that it did not promise as alleged. The case was tried before a referee who, after taking testimony, rendered a judgment for the defendant in error who, upon the death of the original plaintiff, had become as his administratrix, a party to the suit. From this judgment the defendant sued out writ of error to this court.

The plaintiff's claim was for compensation for services in securing a donation of land by one Williams to the defendant company. He based his claim upon an alleged agreement entered into by him with one Sweetapple as agent of the company. The authority of the alleged agent was denied by the company, and the plaintiff was permitted over the objection of defendant, in establishing such agency, to testify to representations made by Sweetapple that he was such agent. This was error, as agency can not be so proven. Mechem on Agency, Sec. 100; 1 Am. & Eng. Ency. of Law, 690; Lakeside Press & Photo-Engraving Co. v. Campbell, 39 Fla. 523, 22 South. Rep. 878.

The other questions involved are not decided.

The judgment is reversed and a new trial granted.