COTTONDALE STATE BANK, A CORPORATION, *Plaintiff in Error,* v. BURROUGHS ADDING MACHINE COMPANY, A CORPORATION, *Defendant in Error.*

1. In an action against a banking corporation for the price of an adding machine, it is erroneous to permit a witness to testify that he signed the order sued on as chairman of the organization committee of the bank, without any proof from the minutes of the proceedings of the directors or officials of the bank, or otherwise, of the creation of such a committee or of the powers conferred on it, and it is also erroneous to permit such witness to answer the following question: "Did you consider in purchasing this machine that you were purchasing something that was needed by the bank and was covered with your understanding that you had authority?"

2. Where competent evidence has been introduced which tends to prove a plea of the defendant, it is erroneous to strike it out.

3. In the trial of an action brought by the plaintiff, an adding

144    SUPREME COURT OF FLORIDA.

Cottondale State Bank v. Burroughs A. M. Co.—Opinion of Court.

machine corporation against a bank for the price of an adding machine, it is erroneous to exclude letters which passed between the plaintiff and defendant which throw light on the issues made by the pleadings.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Price & Lewis,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

HOCKER, J.—The Burroughs Adding Machine Company brought an action at law against the Cottondale State Bank in the Circuit Court of Jackson County, in which the declaration is as follows:

"Burroughs Adding Machine Co., a Corporation,
                                        Plaintiff,

            vs.

Cottondale State Bank, a Corporation,
                                        Defendant.

The plaintiff in the above stated case sues the defendant and alleges, that on the 26th day of March, 1907, the defendant by written order to the plaintiff had ordered and purchased from plaintiff one Burroughs Adding & Listing Machine, style No. 9, for which defendant agreed to pay the plaintiff $375.00 net cash, or send plaintiff on arrival of said machine a certificate of deposit for $375.00, which amount was not to be withdrawn before January 1st, 1908, which said written order and contract is in the words and figures as follows, to-wit:

City Cottondale,

State Florida.

Date March 26.

Burroughs Adding Machine Co., Detroit, Michigan.

Please ship to us as soon as possible, by express prepaid, one Burroughs Adding and Listing Machine, Style No. 9, for which we agree to pay you 375.00 net cash. Or send you on arrival certificate of deposit for that amount not to be withdrawn before Jan. 1st, 1908.

You to guarantee said machine for one year from date of delivery.

Cottondale State Bank,.

Per W. H. Milton, Chmn.

Organization Committee.

Arthur J. Doyle, Salesman.

Plaintiff now alleges that in compliance with said written order, it shipped to the defendant by express prepaid, the said Burroughs Adding & Listing Machine, style No. 9, the price of which was $375.00, and plaintiff alleges that the defendant did not pay the plaintiff any cash for said machine, nor did it send the plaintiff any certificate of deposit as provided for in said order and contract. And plaintiff alleges that said sum of $375.00 as the purchase price of said machine is now long over due, and plaintiff claims interest thereon from the first day of Jan. 1908, whereof plaintiff sues and claims $500.00 damages.

The original order and contract sued upon is hereto attached and made a part of this declaration.

C. L. Wilson,

Atty. for Plaintiff.

18637-              3661

City Cottondale,
                    State, Fla.,
                              Date March 26th.
Burroughs Adding Machine Co.
                              Detroit, Michigan.

Please ship to us as soon as possible, by express pre-paid, one Burroughs Adding and Listing Machine, Style No. 9, for which we agree to pay you 375.00 net cash. Or send you on arrival certificate of deposit for the amount not to be withdrawn before Jan. 1st, 1908.

You to guarantee said machine for one year from date of delivery.

                         Cottondale State Bank,
                         per W. H. Milton, Chmn.
                         Organization Committee.
Arthur J. Doyle,
                    Salesman."

The defendant filed four pleas:

1st. Never indebted.

2nd. That the alleged order which is attached to said declaration and made a part thereof, is not the order of this defendant.

3rd. That W. H. Milton, the person purporting to sign the order for the machine, the purchase price of which is sued for in plaintiff's declaration, was not authorized by this defendant to purchase said machine, and that the acts of the said W. H. Milton, in signing said order were not the acts of this corporation, or done by its authority.

4th. For further plea to plaintiff's declaration, this defendant says, that at the time of the ordering of said machine it was understood between the plaintiff and the defendant that said machine was to be shipped on trial to this defendant, and if defendant was pleased therewith and concluded to take said machine, then, in such event,

this defendant would pay therefor, or make the deposit set forth and described in the order attached to plaintiff's declaration; but, if, after trial of the said machine this defendant was not satisfied therewith, then it was to return the said machine and said order was to be cancelled. Defendant avers that it received the machine upon trial as aforesaid, and after making a trial thereof, was not satisfied therewith, and notified the said plaintiff, that it was not satisfied with said machine and held it subject to the order of the plaintiff; and under and by virtue of the agreement made between the plaintiff and the defendant with reference thereto, this defendant is not indebted to the plaintiff for any sum or sums of money whatsoever.

The first plea was stricken on motion of plaintiff. Plaintiff demurred to the 2nd, 3rd and 4th pleas, because each of them was indefinite, uncertain and insufficient and set up no defense to plaintiff's cause of action. The fourth plea was also demurred to for the reason that it undertakes to set up a contemporaneous verbal agreement for the purpose of contradicting and varying the terms of the written order and contract sued on.

The court sustained the demurrer to the 3rd and 4th pleas, and overruled the demurrer to the 2nd plea. Afterwards the defendant filed the following additional plea: That prior to the institution of this suit, the machine to recover the value of which this suit is brought was delivered to the plaintiff, and the plaintiff accepted the same in full settlement of plaintiff's claims herein. The plaintiff then joined issue on the 2nd and additional pleas, and the case was tried on the issues made by them.

The first and second assignments of error are abandoned. The third and fourth assignments complain of rulings of the court permitting W. H. Milton to testify that he signed the order attached to the declaration as chairman of the organization committee, and the intro-

duction in evidence of said order, without any proof from the minutes of the proceedings of the directors or officials of the bank or otherwise, of the creation of any such committee, or of the powers conferred upon it. In view of the issue made by the second plea, it seems to us that the assignments are well taken.

After the foregoing evidence had been admitted on cross-examination Mr. Milton testified on the first meeting night of the bank all those who helped organize the bank were there; that he and Mr. Mathis were appointed as a committee to complete the organization and buy the stationery, furniture and fixtures. His recollection is that he kept a memorandum of the minutes of the meeting; that he wrote up a copy of the minutes. He does not think that by the minutes it was specifically named that he and Mathis were to buy an adding machine. They were to buy vault doors for the vault, stationery, &c. He does not know that there was any record on the books of the bank of any authority to purchase this adding machine. Mr. Mathis was not present at the time the contract was made. Milton was at Marianna, and Mathis at Cottondale. Milton says he talked with Mathis over the telephone, told him he, Milton, would sign the order as chairman of the organization committee. He says that Mathis did not say to him that he would be authorized to have the Burroughs people send the bank a machine on trial, and if the machine proved satisfactory the bank would buy it, otherwise it would be returned. Mr. Milton admits that he wrote a letter to the bank stating that if he were the bank he would write to the Burroughs Adding Machine Company and tell them that the bank did not buy the machine, and if necessary to contest a law suit the bank would do so, and that as a matter of fact the machine was shipped on trial. It does not appear that the

Cottondale Bank ever saw the order signed by Mr. Milton until this suit was brought.

The fifth assignment is based on the ruling of the court permitting the plaintiff to ask Mr. Milton the following question: "Did you consider in purchasing this machine that you were purchasing something that was needed by the bank and was covered with your understanding that you had authority." This question called for a construction by Mr. Milton of his supposed authority as an agent. It is evident that this was an improper question. Agency and the authority of an agent cannot be proved by the kind of evidence called for by this question.

The defendant took the testimony of Mr. Mathis by deposition. Mr. Mathis testified: "After examination of the order referred to (meaning the order upon which this action is based) I state that said bank (the defendant in this action) did not sign such order. The bank did not authorize such order to be given, nor did the Board of Directors." Counsel for the plaintiff moved to strike this answer, and the court sustained the motion. This ruling is made the basis of the seventh assignment of error. We think this was error, as this evidence tended to prove the 2nd plea of the defendant.

Mr. Mathis testified without objection that he did not authorize the machine to be bought outright, but to be placed in the bank on trial. He was then asked whether the Cottondale Bank at any time authorized the unconditional purchase of the Burroughs Adding Machine from Arthur Doyle as agent for the plaintiff, or at any time authorized the purchase of said machine from the company. He answered that "they did not, nor did they at any time purchase such machine. This answer was stricken out on motion of the plaintiff as irrelevant and immaterial. As the answer tended to sustain the 2nd plea, the ruling was erroneous.

The defendant then undertook to show by Mathis that the machine was sent to the Cottondale Bank on trial—that it was tried, and not accepted by the bank, but this evidence was objected to as irrelevant and immaterial, and ruled out. Several assignments are based on rulings of this kind, and we think, that for the reason given, *viz,* that the answers tended to prove the defendant's plea, the rulings were erroneous.

Mathis also testified in effect that after a trial, the machine was rejected and shipped to Laurel Hill at the request of Arthur J. Doyle representing the Burroughs Adding Machine Company. This evidence was also ruled out and forms the basis of an assignment of error. We think this ruling was also incorrect, as the evidence tended to prove the last plea of the defendant.

On objection of the plaintiff the court excluded a number of letters which passed between the bank and the plaintiff, relating to this transaction. Several assignments are based on these rulings. We think the court should have admitted this correspondence, as it tended to throw light on the issues which were to be tried. We think also, as we have said before, that Mr. Mathis' testimony to the effect that Arthur J. Doyle authorized the shipment of the machine to another party at Laurel Hill should not have been excluded. Mr. Doyle was the agent of the plaintiff, who made the trade with Mr. Milton, and this evidence tended to prove the last plea of defendant.

The remaining assignments argued here complain of certain portions of the judge's charge to the jury. We think the charge of the court was predicated upon an incorrect theory of the issues in the case, and should be reconstructed on another trial.

We think it proper to state that the defendant in error has filed no brief in this court.

The judgment below is reversed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. .J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.