FOYE TIE & TIMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. JOHN A. JACKSON AND W. J. LYNN, CO-PARTNERS AS JACKSON & LYNN, *Defendants in Error*.

Opinion Filed June 21, 1923.

Petition for Rehearing Denied September 27, 1923.

1. In an action at law the plaintiffs must recover, if at all, upon the case made by the declaration and not upon a different case made by the evidence however meritorious it may be.

2. When a plaintiff in a civil action seeks to recover upon a contract alleged by him to have been made with the defendant through the latter's agent the burden of proof is upon the plaintiff to show the authority of the agent for making the contract and the declarations of the agent alone are not sufficient to establish such authority.

3. Where the plaintiffs seek to recover upon a contract alleged to have been made with the defendant in which the declaration alleges that the defendant agreed to purchase all the crossties manufactured by the plaintiffs in their crosstie business from the time of the contract until such time as the defendant should notify plaintiffs to the contrary it was error to refuse to permit the defendant to offer in evidence the fact that the plaintiffs, during the running of the alleged contract, sold to other persons than the defendant a part of the plaintiff's output because such evidence tended to show a variance from the terms of the contract declared upon.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*McGeachy & Lewis* and *William Fisher* for Plaintiff in Error;

*Watson & Pasco* and *E. M. Magaha* for Defendants in Error.

ELLIS, J.—Jackson and Lynn brought an action in the Circuit Court for Santa Rosa County against the Foye Tie & Timber Company for damages for the breach of a contract to receive and pay for certain crossties alleged to have been delivered by the plaintiffs to the defendant under the terms of a contract existing between them.

The plaintiffs obtained judgment for the sum of four thousand five hundred and forty-three dollars and thirty-seven cents. The defendant took a writ of error.

The first count of the declaration alleged that the defendant agreed to purchase all the crossties manufactured by the plaintiffs in their crosstie business from the time of the contract until such time as the defendant should notify plaintiffs to the contrary and for thirty days after such notice; that certain crossties were delivered at the time and place agreed upon, of the plaintiff's manufacture, and prior to notice of any termination of the agreement but the defendant refused to accept the same.

The second count declared the contract to be: That the defendant agreed to buy from plaintiffs all the crossties which plaintiffs should manufacture up to such time as defendant should give a thirty day notice of the termination of said agreement.

Two slightly different contracts were declared upon in the two counts. One providing that the defendant would purchase all crossties to be manufactured by the plaintiffs between the date of the contract and thirty days after notice from defendant to the contrary. The other pro-

vided that all crossties were to be taken which should be manufactured by plaintiffs up to the date of a thirty day notice of the termination of the agreement.

Each count alleged that the price to be paid for each of the three grades of crossties was agreed upon, and that the grades were described as Nos. 5-4-3, respectively.

The defendant pleaded that it did not promise, as alleged, and that there was no written memorandum of the transaction signed by the defendant, no goods accepted by it, nothing given in earnest to bind the bargain nor, was any note or memorandum in writing of said contract made and signed by the parties to be charged or their agents thereunto lawfully authorized.

The parties went to trial upon these two issues.

The assignments of error attack the sufficiency of the evidence to establish the contract sued upon, the amount of the verdict as excessive, the charge of the court upon the question of agency and the correctness of the court's ruling in excluding certain evidence offered by the defendant to show that plaintiffs, during the time covered by the alleged contract, manufactured crossties which they did not offer to defendant but sold to other persons and that it was defendant's custom through its Milton office to make contracts in writing for purchase, in the future, of crossties and such contracts to be signed by an officer of the company.

The evidence does not support either issue in plaintiff's behalf. There was no evidence that there was any such agreement between the parties as that declared upon, nor that there was any memorandum made of it and signed by the party to be charged, nor that the person with whom the plaintiffs dealt had authority from his principal, the defendant company, to make any such agreement.

Counsel for the plaintiffs below in their brief admit that

the alleged contract was within the statute of frauds, but say that it was taken out of the statute because part of the "goods sold were delivered to and accepted by the defendant and paid for by it."

The plea negatived such fact. The evidence relied upon by the plaintiffs was that which tended to show that, after the alleged contract was entered into between Mr. Lynn, representing himself and Mr. Jackson on the one side, and Mr. Van Dusen, representing the defendant corporation upon the other side, which occurred about December 15, 1920, crossties were delivered by the plaintiff at the railroad and they were paid for by draft drawn by Mr. Van Dusen on the defendant company at New Orleans, but that circumstance is not evidence of delivery to and acceptance by the defendant of the bulk of goods alleged by the plaintiffs to have been sold. Even if it was evidence of the existence of a contract to take more crossties than were delivered and paid for in the one transaction it did not tend to prove that Van Dusen had authority to bind his principal by any such agreement, nor that the principal knew of any such agreement entered into by him. Besides the contract testified to by Mr. Lynn as having been made between him and Mr. Van Dusen is not the contract declared upon.

The testimony of Mr. Lynn for the plaintiffs is that which is relied upon to establish the contract. He was asked on cross examination to tell about the contract, with whom he made it, the price, terms and conditions. His answer, gathered from several pages of typewritten matter, was in substance: He said Mr. Van Dusen agreed to take every crosstie the witness cut, but he would not state that he agreed to sell every one he cut. When asked if he was free to sell to anybody else, he replied that he would not do that, that he never contracted to sell or not to sell

to anybody else. At another time he said, "He agreed to buy all the ties I put on the road and on the creek." Then he said that was the first agreement they had.

It appears that a contract had been made about October 11, 1920, under which the ties brought a smaller price, but the Chicago Coal & Lumber Company, evidently a competitor of the defendant, began paying a larger price. Then said the witness: "In December we had another agreement that came off when the Chicago Coal & Lumber Company sent Boyles on the road buying ties—he agreed (presumably Van Dusen)—then to give $1.40—he payed $1.20 and he agreed to give $1.40, $1.30 and $1.05." Later on the witness said: "Something like December we went in on that contract—said he would give me $1.20, $1.10 and $1.00 if I would put them to the F. & A. railroad, with the exception—he told me he would give me $1.20, $1.10 and $1.00 if I would put them on the railroad—on the 23rd of December we had inspection on the creek and on the railroad." Later he said: "I made another agreement—the other agreement was when Mr. Boyles came buying for the Chicago Coal & Lumber Company he was paying $1.30, $1.20 and $1.10, or $1.00 and I come to Van Dusen's office and he told me 'I will give $1.40, $1.30 and $1.05, and I know Boyles can't come above that'—I says, how long will it last? And he says, 'It will last to the first of April anyhow, and I will give you thirty days notice before there is any cut.' I says, thank you and walked out."

According to that statement Mr. Van Dusen offered to buy crossties from the plaintiff at the price of $1.40, $1.30 and $1.05 definitely until April 1st following, subject to the condition that he could reduce the price on thirty days notice. Not that he would take all the crossties manufactured by the plaintiffs from that date to an uncertain

date in the future when the defendant should "notify plaintiffs to the contrary and for thirty days after such notice." Nor that the defendant would buy "all the cross-ties which the plaintiffs should manufacture up to such time as defendant should give a thirty days notice of the termination of said agreement."

The plaintiffs can recover only upon the case made by the declaration. However meritorious the case made by the evidence may be if it is not the one made by the declaration the plaintiff can not recover. See Coons v. Pritchard 69 Fla. 362, 68 South. Rep. 225, L. R. A. 1915-F 558; Bucki v. Seitz 39 Fla. 55, 21 South. Rep. 576; Hinote v. Brigman & Crutchfield 44 Fla. 589, 33 South. Rep. 303; Camp v. First Nat. Bank of Ocala 44 Fla. 497 Text 507, 33 South. Rep. 245; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552; Jacksonville Electric Co. v. Batchis 54 Fla. 192, 44 South. Rep. 933; Walter v. Parry 51 Fla. 344, 40 South. Rep. 69.

Mr. Van Dusen's authority, from the defendant company, to make the contract alleged in the declaration or the offer testified to by Mr. Lynn had to be shown. The burden of this proof was upon the plaintiffs and the acts and declarations of Mr. Van Dusen alone were not sufficient to establish the authority. See Saussy v. South. Fla. Railroad Co., 22 Fla. 327; Martin & Sutherland v. Johnson 54 Fla. 487, 44 South. Rep. 949; Chase & Co. v. Miller, 81 Fla. 472, 88 South. Rep. 312.

There cannot be said to be any evidence in the record tending to show that the defendant corporation had knowledge of Mr. Van Dusen's offer to Mr. Lynn as testified by the later or the making of the contract as alleged in the declaration. On the other hand the purchase of cross-ties and the payment for them through Mr. Van Dusen or upon his draft drawn on the company or by whatever

means were adopted for the payment of the particular delivery seems to have marked the extent of Mr. Van Dusen's authority: The defendant's attorneys did show, by Mr. Van Dusen, that in August 1920 he obtained authority from his principal to contract with Jackson and Lynn for future delivery but that declaration of the agent was not enough to establish his authority, besides the power, if obtained, seems not to have been as broad as the alleged contract. See Orange Belt R. Co. v. Cox 44 Fla. 645, 33 South. Rep. 403; 10 Enc. of Evidence 18.

The evidence offered by defendant to establish the fact that after entering into the alleged contract to sell all the ties manufactured the plaintiffs sold to other persons part of their output should have been admitted as tending to establish the terms of the contract actually made, if any. It amounted to the plaintiff's interpretation of his own contract and tended to establish a variance between the contract declared upon and the one sought to be established by the evidence. See Wheeler v. Campbell 68 Vermont 98, 34 Atl. Rep. 35.

The judgment is reversed and a new trial awarded.

TAYLOR, C. J., AND WHITFIELD, BROWNE, WEST AND TERRELL, J. J., concur.