G. W. Rhodes, formerly doing business under the trade name of Rhodes Hardware Co., v. Edw. K. Tryon Company.

182 So. 301.

Opinion Filed June 18, 1938.

*W. J. Oven* and *W. J. Oven, Jr.,* for Plaintiff in Error; *William D. Hopkins* and *Julian R. Alford,* for Defendant in Error.

Brown, J.—This is an action on an open account in which a declaration on the common counts was filed, and also a bill of particulars setting forth a bill for two shipments of ammunition amounting to $217.53, which it was claimed was sold and delivered by plaintiff to defendant. A plea of the general issue was interposed and the parties went to trial, which resulted in a verdict for the plaintiff for the sum in controversy, plus interest. Motions for a judgment *non obstante veredicto* and for a new trial were overruled, judgment was rendered for plaintiff, and defendant took writ of error.

The principal question raised by plaintiff in error in this appeal is: "Are the statements of an agent alone competent to prove the fact of his agency."

It is contended that the testimony of the witness Atkinson is insufficient to establish that he was the agent of Rhodes Hardware Company and that such testimony is incompetent and inadmissible. Plaintiff in error cites: Lakeside Press & Photo-engraving Co. v. Campbell, 39 Fla. 523,

22 So. 878; Orange Belt Ry. Co. v. Cox, 44 Fla. 645, 33 So. 403; Griffin v. Societe Anonyme, etc., 53 Fla. 801, 44 So. 342; Martin v. Johnson, 54 Fla. 487, 44 So. 949; Florida East Coast Ry. v. Lassiter, 58 Fla. 234, 50 So. 428; Cottondale State Bank v. Burrough's Adding Machine Company, 61 Fla. 143, 54 So. 896; Chase & Co. v. Miller, 81 Fla. 472, 88 So. 312; Foye Tie & Timber Company v. Jackson, 86 Fla. 97, 97 So. 517.

Our view is that this contention, though ably argued, is not well founded, and that the cases cited are not in point. Most of them refer to extra-judicial statements of purported agents made to third parties and not to the competency of an agent to prove his own authority as agent when called to testify in court as a witness. There is a well recognized distinction, as will be borne out by the following quotation from 2 American Jurisprudence 353, paragraph 446:

"Testimony of Agent.—Although an alleged agent's extrajudicial statements are not admissible to prove the fact of his agency, that fact may, when it rests in parol, be established on the trial by the testimony of the agent himself; he is a competent witness to prove the agency, and his words cannot be restricted to the mere words used by the principal, but is admissible generally on the whole subject."

This Court clearly recognized this general rule as early as Croom v. Noll, 6 Fla. 52, text 56 and 57, where the Court quoted from Greenleaf on Evidence, Vol. 1, page 564, 3 Ed., as follows:

"An agent is a competent witness to prove his own authority if it be by parol."

And again in the case of Flournoy v. Interstate Electric Co., 61 Fla. 216, 55 So. 843, this Court recognized the distinction between extra judicial declaration as to agency and the testimony of the alleged agent:

"The rule rendering inadmissible an extra-judicial statement as to agency does not forbid a witness upon the stand testifying as to facts constituting his agency."

The case of Cottondale State Bank v. Burroughs Adding Machine Co., *supra,* is not in point as the question objected to by the fifth assignment of error in that case was certainly improper as it called for a construction by the witness of his supposed authority as an agent and it further appears that there were minutes taken of the meeting. This case was decided prior to Flournoy v. Interstate Electric Co., *supra.*

There being no evidence to the contrary, the testimony of witness Atkinson, taken together with the other testimony and evidence introduced by plaintiff, was sufficient to establish the relationship of principal and agent as between the defendant below and the witness Atkinson.

Examination of the record, in the light of the cases cited in the well prepared briefs filed by counsel for the respective parties, discloses no reversible error.

The judgment of the Circuit Court is accordingly affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.