57 So.2d 845 (1952)
GUARANTEE MUT. FIRE INS. CO.
v.
JACOBS et al.
Supreme Court of Florida, Special Division B.
March 28, 1952.
*846 Dexter S. French, Miami, and T.T. Turnbull, Tallahassee, for appellant.
Franks & Gordon and H.H. Eyles, Miami, for appellees.
CHAPMAN, Justice.
On December 18, 1949, The Guarantee Mutual Fire Insurance Company, at Lakeland, Florida, through its agents, for and in consideration of the sum of $147.36, issued to Benjamin D. Jacobs and Philip Fried its policy of insurance and thereby promised Jacobs and Fried to insure them against loss or damage by fire to the amount of $8,000 for the term of one year beginning January 17, 1950, and ending January 17, 1951, on that certain business of hardware and general merchandise located in a one story building at 238 North Florida Avenue, Lakeland, Florida.
On July 5, 1950, the stock of merchandise as described in the policy of insurance was destroyed by fire and a loss thereby accrued to Jacobs and Fried in the sum of $6,357.85. An adjuster for the insurance company, after the fire, met with Jacobs and Fried, and the value of the stock of merchandise as destroyed was duly considered. Inventories of the stock were submitted to the adjuster and the value thereof placed at approximately $6,700. Some of the stock was salvaged after the fire and sold and the amount realized from the sale credited to the inventoried stock, which reduced the loss sustained by Jacobs and Fried to the sum of $6,357.85. After arriving at the amount of the loss, the adjuster advised Fried that in due course he would hear from the insurance company. The insurance company failed to communicate with Jacobs and Fried and suit was filed on the policy, which resulted in a verdict and judgment for Jacobs and Fried, and the insurance company appealed.
Counsel for defendant-appellant contend that the judgment entered below was clearly erroneous because it appears from the evidence that the merchandise destroyed in the fire of July 5, 1950, at Lakeland, Florida, was not the merchandise of Jacobs and Fried, but was owned by a third party, and for this and other meritorious reasons there was no liability or obligation to the plaintiffs under the terms, conditions and provisions of the policy sued *847 upon. It is further contended that if the losses were covered by the policy of insurance, then there can be no recovery because the plaintiffs, within the sixty day period after loss, failed to render to the company proof of loss, signed and sworn to by the insured as required by a provision of the policy. The policy provided further that no action for the recovery of any claim shall be sustainable in any court unless all the requirements of the policy (as to proof of loss) shall have been fully complied with.
As to the merchandise destroyed by fire on July 5, 1950, the record reflects that Jacobs and Fried owned and transacted business in the name of two corporations: (1) Royal Sales and Salvage Co. apparently the parent company, with its principal place of business at Miami, being under the exclusive control and management of Jacobs and Fried; (2) the A & L Surplus Merchandise, Inc., operated in the City of Lakeland and was owned by Jacobs and Fried, but managed by a Mr. and Mrs. Serkins. These parties owned a share each in the corporation. The merchandise sold through the Lakeland store was obtained on consignment from the Royal Sale and Salvage Co., of Miami. The Serkinses worked in the Lakeland store on a commission basis. They deposited in a Lakeland bank daily the sales made through the A & L Surplus Merchandise, Inc., but the deposits were made in the name of Jacobs and Fried and an itemized statement of daily sale, a daily copy of the tape of the cash register, and a copy of the deposit slip issued by the Lakeland bank were sent to Jacobs and Fried at Miami.
Counsel for the parties waived a jury and submitted the facts to the trial court for a decision. It was the trial court's conclusion, after hearing all the evidence adduced by the respective parties and argument of counsel, that the merchandise destroyed in the Lakeland fire on July 5, 1950, was the property of Jacobs and Fried. It is true that they owned both corporations and the merchandise sold through them. The fact that the Lakeland store was operating under the name of A & L Surplus Merchandise, Inc. in no manner affected the ownership of the merchandise. These facts were brought to the attention of Mr. Johns, agent for the appellant, at the time the policy in question issued (Tr. 29-30). The appellant failed to carry the burden of proof by showing that Jacobs and Fried were not the owners of the destroyed merchandise or that they did not own an insurable interest therein.
It was contended in the lower court and here that the trial court erred in refusing to find a verdict for the defendant-appellant because of the failure of the plaintiffs-appellees to file with the defendant-appellant, within sixty days after July 5, 1950, sworn proof of loss as a condition precedent to filing suit. The policy provides that the "insured shall immediately give written notice to the company of any loss, protect the property from further damages, put it in the best possible order, furnish a complete inventory of the destroyed, damaged or undamaged property, showing in detail quantities, costs, actual cash value and amount claimed; and within sixty days after the loss, unless such time is extended in writing by this company the insured shall render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following:"
The policy provides further that "the amount of loss for which this company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by filing with this company of any award as herein provided." "No suit or action on this policy for recovery of any claim shall be sustainable in a court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."
In the case of Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 333, 35 So. 228, this Court held that where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting the premiums and in signing the policies, the agent has authority to waive *848 proof of loss, either in writing or by parol or by matters in pais which amount to an estoppel. An insurance company cannot make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then be heard to deny that he has authority to represent it when the benefits of the insured are involved. The public has a right to rely upon an agent's apparent authority and are not required to inquire as to his special powers unless the circumstances are such as to put them on inquiry. A fire insurance company by unconditionally denying any liability whatsoever on its policy upon destruction of the property covered thereby waives proof of loss provided for in such policy. Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887.
On the point of waiver the following testimony of Philip Fried stands in the record (pp. 103-104) uncontradicted:
"Q. Did you have any conversations at any time with the agent of the insurance company as to the payment of that loss subsequent to your furnishing them with these proofs of loss? A. Well, here's what occurred. When I got through with the adjuster up there, after 60 days I received no word from the insurance company whatsoever or from their agent or any one of them. I sent registered letters to the company, and I received no reply. I called their agent up; he was out fishing. I called up the adjuster, and he was out somewhere. Finally, after about six weeks went by, or probably longer, I got in touch with the agent, Mr. Johns, and I asked him what happened, and he said, `We submitted all the information to the main office, and they will get in touch with you.'
"Mr. French: Again, your Honor, Mr. Johns is not here to testify what he said himself. I object to him saying what Mr. Johns said.
"The Court: He is your agent; you better get him here. Go ahead.
"Mr. French: He is testifying to what Mr. Johns said, and I object to it as hearsay, your Honor.
"The Court: Overrule the objection.
"The Witness: Well, we made several calls, and the upshot of it was, we got no word from the company, not even a postal card, and Mr. Johns said, `Mr. Fried, you have no claim against our company.' I said, `How come? I asked you to protect Mr. Jacobs and myself in this matter, and you tell us we have no claim.' He says, `Well, it's one of those things, and you'll have to sue us,' and that's when I came to you people with the case."
The appellees applied to and through Mr. Johns, at Lakeland, as agent of the insurance company, obtained the policy of insurance involved in this suit. Appellees paid the sum of $147.36 to Mr. Johns. He was notified as agent of the appellant when the property was destroyed. An adjuster met the appellees and a written inventory of the losses was submitted to him. He advised appellees that they would hear from the company, but according to Fried's testimony, the company did not communicate with them. Mr. Johns, the agent, finally advised that the company would not pay the losses. Mr. Johns, as agent for the company, did not contradict or deny the testimony as given by Mr. Fried on this point. The appellant failed to establish error and accordingly the judgment appealed from is affirmed.
Affirmed.
SEBRING, C.J., MATHEWS, J., and GILLIS, Associate Justice, concur.