**HOTEL ATLANTIS, INC., Plaintiff-Appellee-Appellant,**

v.

**PEERLESS CASUALTY COMPANY, Defendant-Appellant-Appellee.**

**No. 132, Docket 26377.**

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1960.

Decided Jan. 9, 1961.

Harry S. Clyne, New York City (Manuel J. Steinberg and Alfred Jaffe, New York City, on the brief), for plaintiff-appellee-appellant.

Leonard Feldman, New York City (Liflander & Levin and Benjamin Levin, New York City, on the brief), for defendant-appellant-appellee.

Before LUMBARD, Chief Judge, and MAGRUDER and MOORE, Circuit Judges.

LUMBARD, Chief Judge.

These appeals test whether the plaintiff in this action, insured by the defend-

ant against loss from fraud or dishonesty of an employee, complied with the terms of the contract of insurance, and whether, upon the trial of the action, the alleged loss was proved. If recovery on the contract of insurance is denied, we are then to decide whether the insurer is obligated to pay $5,000 in settlement of the claim pursuant to an agreement alleged to have been made on the insurer's behalf by an adjuster who was retained to investigate the claim.

The district court found for the insurer (hereafter Peerless) on the first cause of action on the ground that the insured (hereafter Atlantis) failed to prove the amount of its loss. On the second cause of action the court found that Peerless' agent had made an agreement to pay $5,000 in full settlement of the hotel's claim, and that the agent was authorized to do so. We agree with the court's disposition of the first cause of action, though not for the reason offered by the court, but we find no support in the record for the finding that the adjuster was authorized to enter into binding settlements for Peerless. We therefore reverse the judgment and direct dismissal of the complaint.

Hotel Atlantis, Inc., operated a resort hotel at Miami Beach, Florida. On November 1, 1954, by a binder issued by its agent, French & Company, the defendant, Peerless Casualty Company, insured the hotel against loss up to $5,000 from employee fraud and dishonesty, provided the loss was discovered "within fifteen (15) days from the date of commission of the act causing the loss."[1] Sometime during December 1954, Peerless, at the request of Atlantis, extended this discovery period from fifteen to forty-five days.

Meanwhile, during November 1954, the hotel hired one Rumsey Green as cashier-clerk and he continued in that capacity until June 14, 1955. On April 19, 1955, Peerless cancelled the insurance coverage because of Atlantis' unwillingness to accept a $250 deductible provision. On June 3, 1955, the bank notified Atlantis that its account was short of funds. Atlantis, not knowing the cause of the shortage, called in its bookkeepers and proceeded to check its records. From the testimony of Norman J. Steinberg, Atlantis' secretary, it appears that it was not until about June 10 that Atlantis had some idea of what had happened. Green stayed on until June 14 when he was discharged. Atlantis promptly notified French & Company of its claim. Green was indicted for grand larceny and pleaded guilty to stealing $7,553.29, which he did by manipulating monies received from guests.

The trial judge made no findings as to when the defalcations were discovered. However, it is clear that Atlantis had not discovered Green's defalca-

1. The binder under which suit was brought was dated November 6, 1954, superseded the earlier one signed on November 1, and was itself signed on November 8, 1954. There was no mention in the binder of any time limitation on the discovery of the loss, but it called for the issue of a standard policy entitled "Comprehensive—Dishonesty, Disappearance & Destruction Policy." Evidence was introduced at the trial that such standard policies then in use in Florida had attached, as Rider #3, a clause amending the Discovery Period provision in the body of the contract to incorporate the 15-day time limitation. Moreover, it appears from the record that Atlantis requested an amendment to this clause to extend the time limitation to 45 days. There was, therefore, substantial evidence in the record supporting the trial judge's finding that the clause, as amended, applied to the hotel's policy of insurance, and it is not disputed here that the hotel's officers knew of the provision.

Nor is the provision in question in any way unconscionable. It appears quite reasonable that in dealing with fidelity bonds, speedy discovery of a defalcation is essential to protect the insurance company's ability to recover what has been stolen. The extension of this period in Atlantis' contract was due to its purported practice of reviewing its books no more often than once a month, so a period adequate for discovery of the loss was felt necessary. It appears, however, that Atlantis failed to have its books audited at all between November and the time when it was notified of the shortage in its bank account.

tions within forty-five days of April 19, 1955. All it knew by June 3, the forty-fifth day, was that there was a shortage in its bank account. It did not discover that this had resulted from defalcations of any employee until some days after June 3. The Finding of Fact made by the trial court to the effect that "the said loss was discovered by the plaintiff * * * within the time provided in * * * [the] Standard Policy, as amended," was clearly erroneous. As the discovery was not within the period required by the contract, there can be no recovery on the first cause of action, regardless of whether proof of the loss was adequate.

After receiving notice of Atlantis' claim, French & Company, Peerless' agent, retained Raymond N. Poston, Inc., "insurance adjusters" in Miami, to investigate the claim, and Peerless approved of this arrangement. In August 1955 one Schultz, of the Poston firm, recommended payment of the claim for $5,000, the limit of the coverage, but Peerless did not accept this suggestion. On behalf of Atlantis, Steinberg testified to a talk he had with Mr. Poston sometime in November 1955 in these words:

"And I asked him what he would do about this, and he said he found that the loss was proper, justifiable, and should be paid, and he wanted to know from me if I would accept $5,000 in full and complete settlement of the loss and, if so, that would I file a proof of loss setting forth and accepting the sum of $5,-000, and I said to him that I would so file a proof of loss."

And he later referred to this conversation as follows:

"I told Poston that the matter had been pending for quite a while. I asked Poston what he had done about it. He said he had transmitted my offer to take the money, the $5,000 without interest and without any further claim, and disposed of the matter."

■ Steinberg's testimony was the only evidence introduced by the plaintiff in support of its claim that an oral accord had been reached with Peerless. Even were Poston authorized to enter into a binding settlement with Atlantis, we would hold that a finding that an agreement had been reached was clearly erroneous.

Irrespective of the evidence of agreement, however, we hold that the district court's Finding of Fact 15 is clearly erroneous on other grounds. It reads:

"That on or about and during the month of November 1955, the plaintiff and the defendant by its duly authorized agent entered into an agreement wherein and whereby the defendant agreed to pay and the plaintiff agreed to accept the sum of $5,000.00 in full settlement of the defendant's obligation to the plaintiff under said binder of insurance."

■■ That Poston had no actual authority to act on behalf of Peerless appears to be clear both from Schultz' letter of August 1955, which merely *recommended* that the claim be paid, and from Peerless' rejection of that offer. Moreover, no evidence was introduced at the trial to warrant the district court in concluding that Poston was "duly authorized," and the burden was on the plaintiff to introduce such evidence regardless of whether New York or Florida law applied. Dudley v. Perkins, 1923, 235 N.Y. 448, 455, 139 N.E. 570; Foye Tie & Timber Co. v. Jackson, 1923, 86 Fla. 97, 97 So. 517. The record shows merely that Poston was hired by French & Co., Peerless' agent, as an insurance adjuster, and there is no indication that he was to do anything more than investigate this one case. Nor was there evidence that Poston had ever acted for Peerless in any other matter.

■ No evidence appeared in the record to support even a finding that Poston had the ostensible or apparent authority to settle. Even if a local agent, such as French & Company was in this case, has the apparent authority under Florida law to waive proof of loss or take other final steps on behalf of the insur-

ance company, Guarantee Mutual Fire Insurance Co. v. Jacobs, Fla.1952, 57 So. 2d 845, an independent "adjuster" hired by it with regard to a particular claim is not similarly clothed. Certainly, as to so conclusive a step as settlement, no apparent authority can be held to exist in the absence of some misleading impression created by the principal. The statements of the agent alone cannot create apparent authority. Mechem, Agency § 94 (1952). In this case there was no evidence that either Peerless or French & Company had done anything more than hire Poston as an "adjuster."

The judgment of the district court dismissing the first cause of action is affirmed. The judgment for the plaintiff on the second cause of action is reversed and remanded with directions to dismiss the complaint.