WILLIAM H. SLAYDON ET AL. *v.* WILLIAM T. McDONALD.

PLEADINGS.   *Circuit court.   Judgment for want of replication.   Waiver.*

> A motion by defendant for judgment for want of replication to a plea is waived if not called to the attention of the court until after the introduction of all the evidence and the presentation of a motion by plaintiff to exclude the defendant's evidence.

FROM the circuit court of Hancock county.

HON. JAMES H. NEVILLE, Judge.

McDonald, appellee, was plaintiff in the court below; Slaydon and another, appellants, were defendants there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The facts are sufficiently stated in the opinion of the court.

*W. J. Gex,* for appellants.

Of course, to try a case without an issue would have been error under the common law. Stephens on Pleadings and Shipman's Common Law Pleadings. The very question has been so well settled in our state that we need go no further than our own reports. *Buck* v. *Mosley,* 24 Miss., 170; *Steele* v. *Palmer,* 41 Miss., 88; *Armstrong* v. *Barton,* 42 Miss., 506; *Porterfield* v. *Butler,* 47 Miss., 165.

*Harper & Harper,* on same side.

The statute of Jeofails, sec. 746, Annotated Code of Mississippi, 1892, was intended to cure the defects of judgment where issue was not joined after verdict; and this court has repeatedly held that this enactment is to be construed always to read

after verdict, and does not nor cannot apply to anything before verdict.

*Bowers, Chaffee & McDonald,* for appellee.

Both parties announced themselves ready. Plaintiff stated his cause of action to the jury, the defendants stated their reply, and the plaintiff in turn stated his replication, these statements being, of course, oral, and the case, without objection, went to trial on the issues thus joined, in the presence and hearing of the jury. No objection whatever was made until after the defendant's evidence had closed and was about to be excluded.

Pleadings are to be made before the trial and where the defendant goes to trial without any formal replication being filed to his affirmative plea, and all of the facts set up in his plea are inquired into, it is too late for him, after he has experimented with the sufficiency of his defense, and finds himself confronted with the probable exclusion of his evidence, to object for the first time to a lack or want of formal reply to his pleas, the truth of which he has just failed to sustain.

In *Naron* v. *Gwin,* 43 Miss.; 346, the court declined to reverse a judgment on a case submitted to a jury without a plea on the ground that the defendant had suffered no hurt, and in doing so reversed a long line of cases to the contrary.

CALHOON, J., delivered the opinion of the court.

Florian Seal, Fred W. Eaton, and E. L. Lawrence owned the steamboat Demopolis — each an undivided one-third interest. On February 18, 1902, Florian Seal and Fred W. Eaton conveyed their two-thirds interest to the appellant, W. H. Slaydon; it being then understood that Slaydon was to pay two claims against the boat — one, of $500, with interest, to a bank, and another, of $91, to Florian Seal, one of the vendors of the two-thirds interest. On March 13, 1902, Seal having had to pay the bank, Slaydon, to evidence his debt for the bank debt and

interest and the $91, executed, with appellant Henry Egart as co-maker, a promissory note of that date, payable sixty days thereafter, to the order of Florian Seal, for $603.50, which Seal indorsed in blank, and which fell into the hands of the appellee, W. T. McDonald, in due course of trade, as must be assumed.    McDonald sued Slaydon and Egart, the two makers, who pleaded that the consideration for the note had failed as to $375.55, which sum was made up of debts of the boat other than those which Seal had represented as all the boat owed, and that he had agreed that he himself would pay any other debts, and that Slaydon had to pay and did pay these other debts, and credit as setoff is claimed.    No replication was ever filed to this plea, and this presents the only question in the case; there appearing to be no mutuality in the setoff, and that Slaydon had paid the debts mentioned in the plea between February 18, 1902, when Slaydon got his bill of sale to the boat, and March 13, 1902, when he made the note sued on.    Now, the record shows that a jury was impaneled and accepted by the parties, and that the counsel stated their respective contentions to the jury, and plaintiff's evidence and defendants' evidence were offered, and then counsel for plaintiff moved to exclude all of the evidence for defendants.    At this period, before the court acted, counsel for defendants, for the first time, announced that they had a motion which they desired to present, which was on the motion docket, but not before called to the attention of the court.    This motion was for judgment for defendants for want of replication to their plea as setoff.    The court properly overruled this motion at this stage of the proceedings, especially as defendants had had the benefit of the plea by stating their contentions to the jury, and the evidence showed there was nothing in them.    We feel sure that no case can be found, with the same presentation exhibited by this record, holding adversely to our conclusion.

*Affirmed.*