J. J. KINNEY *v.* M. J. & K. C. R. R. Co.

[56 South. 165.]

PLEADING. *Replication. Waiver.*

> A defendant waives the failure of the plaintiff to formally deny the matter alleged in his special pleas by not moving for a judgment before the introduction of the evidence begins.

APPEAL from the circuit court of Tippah county.
HON. W. A. ROANE, Judge.

Suit by J. J. Kiney against the Mobile, Jackson & Kansas City Railroad Company. From a judgment for defendant plaintiff appeals.

The facts are as follows:

The appellant, who was plaintiff in the court below, filed a declaration against the defendant railroad company, seeking to recover damages for personal injuries. The defendant filed a plea of general issue, and also special plea setting up contributory negligence on the part of the plaintiff. After the testimony for the plaintiff was in, the defendant asked for a judgment, on the ground that no replications had been filed to the special pleas. Plaintiff then asked leave of the court to file his replications which the court denied, and sustained the motion of the defendant for a judgment.

*Spight & Spight,* for appellant.

The second assignment of error is to the action of the court in sustaining defendant's motion to exclude the evidence.

We have thus far argued the right to amend which we believe we were clearly entitled to, if it were necessary. We now come to consider whether without an amendment or an offer to amend the trial court was right

in sustaining the motion of defendant to exclude the evidence and give peremptory instruction. We contend that no replication was required to either of the special pleas of the defendant. The plaintiff in his declaration alleges in the first count that the injury received by him was the result of the reckless and careless negligence of the defendant and without any fault on the part of plaintiff. To this count the defendant filed the general issue. It was not necessary for the plaintiff to anticipate the defense of contributory negligence, but he did it and when the general issue was filed the whole case was then made up so far as the pleadings could do so. The general issue denied everything; denied that the plaintiff was hurt; denied that he was hurt on account of negligence on the part of defendant; denied that plaintiff himself was free from negligence. The first and second special pleas of the defendant raised only the question of plaintiff's negligence, which was denied by the general issue. Under this plea of not guilty, all the proofs as to want of negligence on the part of defendant and contributory negligence on the part of plaintiff would have been admissible. When the parties went to the jury and each stated his contentions and evidence was introduced, it was too late to raise any question of the want of a replication. *Slaydon* v. *McDonald,* 82 Miss. 504, 34 So. 357.

In *Livingston* v. *Anderson,* 30 Fla. 117, 11 So. 270, the court uses this language: "If no replication at all had been filed to the pleas, we do not see that we could reverse the judgment for want of a formal joinder in issue. The plaintiff alleges in his declaration full performance of conditions in the contract on his part, and the defendant replied that plaintiff has not performed and carried out his contract. These pleas tender an issue to the allegation of performance of conditions on the part of the plaintiff." See, also, *Postal Tel. Cable*

*Co.* v. *Jones,* 133 Ala. 217, 32 So. 500; *Montgomery St. Railway Co.* v. *Hastings,* 138 Ala. 432, 35 So. 412.

In *Johnston* v. *Birmingham Railway Light & Power Company,* 43 So. 33, the court says: "The plea of not guilty put in issue all the material allegations of the complaint." See the following authorities. *Cunningham* v. *Lynch,* 22 Wis. 245; *Plymoth* v. *Fields,* 125 Ind. 323; *Watkinds* v. *So. Pac. R. R. Co.,* 38 Fed. Rep. 711; *McMurtee* v. *L. N. O. & T. R. R. Co.,* 67 Miss. 601 (7 So. 401).

*Flowers, Alexander & Whitfield,* for appellee.

Leave was not asked to file the replication until after the plaintiff had closed his case and after motion had been made by the defendant for a judgment. The application came too late. *Duggan* v. *Champlin,* 75 Miss. 411, 446; *Walker* v. *Brown,* 45 Miss. 613, 618.

Certainly it was within the discretion of the trial judge to allow or not to allow the application and in the absence of the appearance of any abuse of the discretion the action of the court will not be reviewed here.

The case of *Slaydon* v. *McDonald,* 82 Miss. 504, has no application here because there the defendant introduced his evidence and never made the point until both sides had closed and the plaintiff had moved the court to exclude the evidence for the defendants. In the case at bar the defendants did not put a single witness on the stand, but made this motion for a judgment at the conclusion of the plaintiff's evidence. And in the case of *Slayden* v. *McDonald* it appeared that the parties stated the issue to the jury and that the defendant offered his evidence in support of his pleas. The defendant in that case proceeded to the end of the trial just as if the replications had been filed.

SMITH, J., delivered the opinion of the court.

The motion by defendant in the court below for judg-ment for want of replications to its special pleas was made too late, and should have been overruled. *Slaydon* v. *McDonald,* 82 Miss. 504, 34 South. 357. The defend-ant waived the failure of the plaintiff to formally deny the matter alleged in his special pleas by not moving for a judgment before the introduction was commenced.

*Reversed and remanded.*