CARLTON-MOORE COMPANY, A CORPORATION, *Plaintiff in Error*, v. E. L. VANDERIPE, *Defendant in Error*.

Opinion Filed October 8, 1920.

After a trial on the merits without objection and verdict upon the matters embraced in the declaration and plea, the mere absence of a similiter to the plea is not alone ground for reversal, the similiter not having been insisted upon by the defendant nor required by the court. Failure to file a similiter in such case is waived by going to trial.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

Judgment affirmed.

*E. Bradley*, for Plaintiff in Error;

*W. L. Kimball*, for Defendant in Error.

WEST, J.—In an action upon a contract for the sale and delivery by plaintiff to defendant of a number of crates of cabbage produced by plaintiff the verdict and judgment were for plaintiff and defendant took writ of error from this court.

The execution of the contract, performance by plaintiff, its breach by defendant, and consequent damage and

injury to plaintiff were duly alleged in the first count of the declaration. The declaration also contains several common counts in assumpsit.

To the declaration an amended plea in the following language, omitting formal parts, was filed: "That it is true that the plaintiff and defendant did at the time and place as is alleged in the declaration, enter into a contract as is set out in said declaration; but the defendant states that after they had entered into this contract, and before the bringing of this suit, and before the 5th day of April, A. D. 1918, and before any more of the cabbage mentioned in the contract on which this action is based had matured or was ready for market, except the 1350 hampers mentioned in the plaintiff's declaration, which the defendant received and paid for, and before the plaintiff had delivered or offered to deliver any more cabbage to the defendant F. O. B. at Oneco, Florida, or anywhere else, the plaintiff and defendant made and entered into another contract, as follows: The plaintiff released the defendant from the contract between them, the one on which this suit is brought, upon the consideration of the $350 that was advanced by the defendant becoming the property of the said plaintiff, without the plaintiff having to deliver any cabbage or other thing of value to the defendant, and upon the defendant paying the plaintiff the sum of 75 cents per hamper for the 1350 hampers of cabbage which the plaintiff had delivered to defendant, and the further consideration that the plaintiff have the right to sell the remainder of the cabbage covered by the contract on which this suit is brought to whoever he desired; to all of which the defendant agreed and complied with then and there by paying the plaintiff the 75 cents per hamper for the 1350 hampers of cabbage delivered by the plaintiff prior to that time, and per-

mitting plaintiff to retain as his own the $350.00 advanced by the defendant, and also agreeing and permitting the plaintiff to have outright and absolute the remainder of the cabbage. To all of this the plaintiff and defendant agreed, and the defendant never heard anything to the contrary from the day they made and executed said agreement until the filing of this suit."

There was a plea of never was indebted to the common counts.

After the trial of the cause and verdict for plaintiff there was a motion for a new trial. This motion was denied. One ground of the motion is that "plaintiff having failed to file any replication to defendant's plea or amended plea, therefore there was no issue for the jury to try, consequently the verdict is void." In the order denying this motion the trial judge said: "The parties went to trial without suggesting that the issues were not properly made up and the issue presented to the jury was whether the contract sued on had been discharged by subsequent parol agreement alleged in the plea, evidence was offered, and received without objection touching that issue, and it was as fairly presented and tried as if a formal joinder of issue had been filed. Under such circumstances defendant should not be heard to complain, his only point is lack of form, not substance. The decisions of our court on which he relies all antedate Chap. 6223, Acts of 1911, which seems peculiarly applicable to this case."

It is insisted that there is error in this order. No other question is presented.

The amended plea admits the execution of the contract sued on and avers a release from it upon a stated consideration. No reply except a joinder of issue was neces-

sary to put the averments of this plea in issue. There is no bill of exceptions in the record, but from the order of the trial judge it appears that the parties went to trial without any suggestion of the absence of a joinder of issue on the plea; that "the issue presented to the jury was whether the contract sued on had been discharged by the subsequent parol agreement alleged in the plea, evidence was offered, and received without objection, touching that issue and it was as fairly presented and tried as if a formal joinder of issue had been filed."

There was no error in the order denying the motion for a new trial. The rule applicable in such cases has been frequently stated by this court to be that after a trial, without objections, on the merits and verdict upon the matters embraced in the declaration and pleas, the mere absence of a similiter to the plea is not alone ground for reversal, the similiter not having been insisted upon by the opposing party or required by the court. Huling v. Florida Savings Bank, 19 Fla. 695; Livingston v. Anderson, 30 Fla. 117, 11 South. Rep. 270; St. Johns & Halifax R. R. Co. v. Shalley, 33 Fla. 397, 14 South. Rep. 890; Herman & Co. v. Williams, Exr., 36 Fla. 136, 18 South. Rep. 351; Barrs et al v. Brace, 38 Fla. 265, 20 South. Rep. 991; Glove Theater v. Watt, 62 Fla. 196, 57 South. Rep. 201.

Under the circumstances recited in the order denying defendant's motion for a new trial, which, in the absence of a bill of exceptions, is conclusive here, the defendant will be deemed to have waived a joinder of issue upon his amended plea. 31 Cyc. p. 733; Illinois Life Assn. v. Welles, 200 Ill. 445, 65 N. E. Rep. 1072; Comer v. May, 107 Ala. 300, 19 South. Rep. 966; Slaydon et al v. McDonald, 82 Miss. 504, 34 South. Rep. 357; Citizens Bank

v. Bolen, 121 Ind. 301, 23 N. E. Rep. 146; Updegrass v. Marked Tree Lbr. Co., 83 Ark. 154, 103 S. W. Rep. 306; Chicago, etc., R. Co. v. Frazier, 66 Kan. 422, 71 Pac. Rep. 831.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.