C. F. SULZNER, *Plaintiff in Error,* v. VERNON PRICE-WIL-LIAMS, *Defendant in Error.*

Opinion Filed August 12, 1921.

1. When in a common law action the parties go to trial upon a plea which specifically denies the performance by the plaintiff of some conditions precedent, and without a joinder of issue upon the plea, it will be assumed that the plaintiff intended to join issue upon the plea and this court will treat the pleadings as if issue had been joined in due form.

2. There can be no recovery upon a cause of action that is variant in substance from that which is pleaded by the plaintiff. The plaintiff must declare upon the contract on which he expects to recover and the proof must correspond to the allegations.

3. A contract entered into between S and P whereby it was agreed that S should acquire a certain tract of land at and for a certain sum, that P would divide the tract into a certain number of lots and sell the same at certain stipulated prices on terms named, and that all moneys received from the sale of the lots should be paid over to S until he had received back the amount paid for the tract and interest, the remainder to be equally divided between them. That to secure the carrying out of the agreement on P's part to be performed he executed to S a promissory note for $600.00 payable one year from the date of the agreement, which provided that if the lots were not sold S was to have the right to collect the note *at maturity; Held*, that P undertook to sell the lots into which the tract was to be divided, upon the terms and for the price stipulated in the agreement within one year from the date of the agreement, and if he failed to do so S should have the right to collect the promissory note.

A Writ of Error to the Circuit Court for Dade County; A. J. Rose, Referee.

Judgment reversed.

*Price, Price & Small,* for Plaintiff in Error;

*Carson & Botts,* for Defendant in Error.

ELLIS, J.—This was an action by Vernon Price-Williams against C. F. Sulzner for damages for the breach of a certain contract which is set out in full in the declaration and is in the form of a letter from Vernon Price-Williams to C. F. Sulzner dated March 12th, 1915, and is as follows:

"Dear Sir:

As requested by you I am putting in writing the proposition I made you of which we agreed on as to the purchase of the six acres, more or less, known as the North 6 chains of the Northeast quarter of the Southwest quarter of the Northeast quarter of Section 24, Township 53 South, Range 41 East. That first you will secure the purchase of said land at a price already agreed on of $1,600.00.

Second, I agree to sub-divide the six acres into 36 lots and to sell said land not less than $100.00 per lot for inside lots and $125.00 for corner lots to be sold at $5.00 down and $5.00 per month at 8% interest and all money be paid to you until you have secured the $1,600.00 with interest at the rate of 8% from the date of purchase.
ment.

I also give you a $600.00 note payable one year after date to secure my carrying out this agree-

Now it is agreed that after you have secured the $1,600 or the sale of the property is satisfactory to you that my note be returned to me, but in the event the said lots were not sold you have the right to collect the said note at maturity.

It is also agreed that after you have secured the $1,600 and interest that all the money over the said $1,600 and interest shall be equally divided amongst yourself and myself.

Yours very truly,

VERNON PRICE-WILLIAMS.

Accepted, C. F. SULZNER,
March 12, 1915."

The first declaration alleged that the plaintiff had "provided and presented to the said defendant a purchaser for said lands, ready, able and willing to purchase the said lots and each of them on the terms and for the prices agreed upon between the plaintiff and defendant in and by said contract" but, that the defendant failed and refused to "carry out the things on his part to be done" and that the defendant had repudiated the contract.

It was also alleged that the plaintiff had kept and performed all the covenants on his part to be kept and performed up until the time when the contract was repudiated by the defendant.   A demurrer to this declaration was overruled and the plaintiff interposed eight pleas in which it was averred; first, that the plaintiff had not produced the purchaser for the lands, ready and willing to purchase the property on the terms for the prices agreed upon; second, that the plaintiff had not prior to the 13th of March, 1916, presented to the defendant any purchaser for the land; third, that the "defendant" breached the contract "on his part before any refusal of the defendant to be bound thereby by failing and refusing and neglecting to provide purchasers for said lands for the prices and upon the terms set forth in said contract prior to the 13th day of March, 1916." The language quoted from this plea is an admission on the part of the defendant that he breached the contract.  It is very probable that no such admission was intended to be made and that the word "defendant" as it first appeared in the above quotation was the result of carelessness in the preparation of the plea or record.

Fourth, it is averred that the contract became null and void and not binding on the defendant on and after the 13th day of March, 1916, and that the plaintiff did not prior to that date produce any purchaser for the land;

fifth, that the defendant was entitled to recover from the plaintiff the sum of $600.00 and attorneys fees upon the note mentioned in the contract which was given by the plaintiff to the defendant upon the terms set out in that agreement; sixth, it was averred that the defendant understood the contract set up to mean that unless the plaintiff found purchasers for all of the lots within one year from the 12th of March, 1915, the contract was to become void and the plaintiff was to pay the sum of $600.00 ''as a penalty'' for the failure of the plaintiff to comply with the terms of the contract, and if such was not the meaning of the contract that the defendant would not have accepted it and as so construed that it correctly states the agreement which had been made by the plaintiff and the defendant. It was averred that the plaintiff did not produce the purchaser for the lots prior to the expiration of the year from the 12th of March, 1915; seventh, that prior to the date of the contract set out in the declaration the plaintiff and defendant entered into an oral agreement which the plea avers to have been in substance that the defendant was to purchase the lands at $1,600.00 and the plaintiff was to sub-divide and plat the lands into 36 lots and to find purchasers for and sell the lots within a year from the 12th of March, 1915, at prices not less than $100.00 per lot for inside lots and $125.00 for corner lots and they were to be sold upon the following terms: $5.00 cash and $5.00 per month, deferred payments to bear interest at the rate of 8% per annum and that the plaintiff would guarantee the sale of the lots within the period of one year and in default would forfeit to the defendant the sum of $600.00. It was further averred that by that agreement the plaintiff was to receive from the sale of the lots by the plaintiff $1,600.00 with 8% interest until paid and that any balance ''received from the sale by the plaintiff of said lots within said year

should be equally divided between the plaintiff and the defendant,'' that the agreement was reduced to writing and was incorporated in the plaintiff's declaration and that the defendant interpreted the writing to mean that unless the plaintiff sold the lots within a period of one year from March 12th, 1915, that the contract would become null and void and the plaintiff would become liable to pay the defendant $600.00 according to the terms of the note. The plea avers that it was never ''understood and contracted between the plaintiff and defendant'' that the plaintiff was to have more than a period of one year in which to effect the sale of the lots and that the plaintiff did not make sale of the lots within a year from the 12th of March, 1915; eighth, that the plaintiff's action, if any he had under the contract, was barred by the Statute of Limitations.

A demurrer was interposed to all of these pleas except the first and the court sustained the demurrer to all the pleas except the fifth and eighth. This order was made the basis of the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth assignments of error. The first and second assignments of error resting upon the court's order sustaining the defendant's demurrer to the original declaration and to the declaration as subsequently amended.

The amendment was made after the testimony had been completed and the case submitted to the referee for his judgment to whom by consent of counsel and order of the court it was referred for trial.

The amendment consisted in striking out that portion of the declaration quoted above which alleged that the plaintiff had produced a purchaser for the lands on the terms and for the price agreed upon in the contract and the

defendant had refused to carry out the things on his part to be done.

This amendment left the declaration to consist of three allegations: First, the contract as set out; second, that the defendant had repudiated the contract, and third, that the plaintiff had kept and performed all the covenants on his part to be kept and performed.

An objection was made to this amendment which objection was overruled and that ruling was made the basis of the thirteenth assignment of error. Thereupon the defendant interposed the same demurrer to the amended declaration that he had interposed to the original declaration and the same pleas to the declaration as amended as he had interposed to the original declaration. The court overruled the demurrer and that order is the basis of the second assignment of error and sustained the plaintiff's demurrer to the second, third, fourth, sixth and seventh pleas to the amended declaration. That order is made the basis of the fourth, sixth, eighth, tenth and twelfth assignments of error. The fourteenth and fifteenth assignments of error rest upon the ruling of the court as to the admission and rejection of evidence. The sixteenth assignment is a general one attacking the court's order in finding for the plaintiff and rendering judgment for him. The seventeenth attacks the correctness of the judgment as to the amount found against the defendant and the eighteenth assignment attacks the order of the court in refusing the defendant's motion to reform and amend the final judgment which was entered for the plaintiff and the nineteenth assignment rests upon the order overruling the defendant's motion for a new trial.

The case was referred to Mr. A. J. Rose, a practicing attorney of the Miami bar for trial. There was no joinder

of issue upon the defendant's first plea which denied that the plaintiff had produced and presented a purchaser for the lands described in the declaration, ready, able and willing to purchase the property on the terms and for the prices agreed upon between the plaintiff and the defendant in the contract. But as the parties went to trial with the pleadings in this condition it would be assumed that it was the plaintiff's purpose to join issue upon the first plea interposed by the defendant. See Carlton-Moore Co. v. Vanderipe, 80 Fla. 512, 86 South. Rep. 346.

The referee found the facts to be that the plaintiff caused the property described in the declaration to be sub-divided and a plat thereof made as agreed between the parties. The evidence shows that this plat consisted of 36 lots, 29 of which were inside lots and 7 were corner lots. The referee also found that the plaintiff listed the property with certain real estate agents in the City of Miami and that while the property was so listed with such agents the defendant stated to one of such agents that he would sell the property for $4,150.00, that thereupon the real estate agent produced a purchaser who would buy on the terms named by the defendant and that this transaction occurred in May, 1916, or approximately two months and one year after the execution of the contract between the plaintiff and the defendant. The referee also found that the real estate agent produced a purchaser at the request of plaintiff and that the defendant was willing to sell for $4,500.00 of which $1,500.00 was to be paid in cash and the balance in one and two years and to pay the real estate agent $350.00 commission, but that afterwards the defendant refused to sell to the purchaser the real estate agent produced and later on June 11, 1917, sold the property to another person for $4,700.00 of which $950 was paid in cash and the remainder in yearly installments of $1,250.00 at 8% interest. The

referee found that the failure of the defendant to sell to the purchaser produced by the real estate agent at the price of $4,150.00 in May, 1916, was a repudiation of the contract by the defendant and so judgment was entered for the plaintiff on the basis of a sale of the property at the price of $4,150.00 in May, 1916, and judgment was entered against the defendant in favor of the plaintiff for his supposed interest in the proceeds of such sale with 8% interest which made a total of principal and interest of $1,640.84.

According to our interpretation of this agreement as set out in full in the declaration it was agreed between the parties that the defendant was to purchase the six acre tract of land described in the contract, that the plaintiff would sub-divide that six acres into 36 lots and to sell said lots for not less than $100.00 per lot for inside lots and $125.00 for corner lots upon the following terms for each lot; viz: $5.00 down and $5.00 per month at 8% interest, and that all money was to be paid to the defendant until he should have secured $1,600.00, the amount which he was to pay for the land with interest at the rate of 8% from the date of purchase, that the plaintiff would accomplish this sale within one year from the date of the agreement and to secure the performance of the contract on his part he gave to the defendant a note for $600.00 payable one year after date which the defendant was to collect at maturity if the lots were not sold. The allegation of the declaration that the plaintiff had kept and performed all the covenants on his part to be performed was specifically denied by the defendant's first plea in which it was averred that the defendant had not provided or presented a purchaser for the lands who was ready, able and willing to purchase on the terms and for the prices agreed upon. There is no evidence whatsoever to show that the plaintiff

performed this condition precedent and therefore there
was no justification for a finding in his favor.

The fact found by the referee that the defendant after
the expiration of the year offered to sell the property for
the price of $4150.00 and that afterwards declined to sell it
at that price does not amount to a modification of the agree-
ment between the plaintiff and the defendant as that agree-
ment was entered into on the 12th of March, 1915 because
at the time of the transaction referred to by the referee
which occurred in May, 1916, the plaintiff's note for $600.-
00 had come to maturity and under the terms of the agree-
ment the plaintiff had the right to collect the same.   Yet,
here was a new contract which the referee found to have
been substituted by the defendant at the plaintiff's request
for the old contract in which no provision was made for
the payment of the $600.00 note and for which contract
there was no consideration whatsoever paid the defendant.

The evidence does not show that the plaintiff effected
the sale of the property upon the terms and at the prices
named in the contract within the period of one year from
its date and therefore he did not perform all the conditions
on his part required to be performed by that agreement.
That he was to have effected a sale of the property within
twelve months is clearly shown by the language of the third
and fourth paragraphs of the contract in which it is recited
that the plaintiff gave the note for $600.00 to the defend-
ant payable one year after date to ''secure my carrying out
of this agreement'' and that if the property was not sold
the defendant should have the right to collect the note at
maturity, that is to say his right to collect accrued to him
at the expiration of one year from the date of the contract
if at that time the property had not been sold according
to the terms and at the prices named in the agreement.

The finding of the referee is based upon an entirely different agreement upon which the plaintiff was permitted to recover, although he had not made it the subject of his declaration.  There was, in other words, a variance between the contract set out in the declaration and the one upon which the referee rests his finding in favor of the plaintiff. The doctrine is firmly settled in this State that there can be no recovery upon a cause of action that is variant in substance from that which is pleaded by the plaintiff. The plaintiff must declare upon the contract on which he expects to recover and proof must correspond to the allegations or there can be no recovery.  The reason for such a rule is apparent.  The defendant has a right to be informed concerning the cause of action against him that he may by his pleas present such defense as seems to be warranted by the facts.   The case at bar is a good illustration of the reasonableness of the rule and the necessity for its strict application.  If the plaintiff had declared upon the contract which the referee found to have existed between the parties the defendant may have pleaded no consideration. · But this opportunity was not given him and judgment was entered against him notwithstanding there appeared to be no consideration whatsoever for the substituted agreement which the referee found to have existed between the parties. The sixteenth assignment of error we think, therefore, is well taken and the judgment is accordingly reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.