W. R. HALIE, *Plaintiff in Error*, v. H. E. WICKERSHAM, J. D. RUSS and J. P. RICHARDSON, co-partners trading under the firm name of Lillian Turpentine Company, *Defendants in Error*.

137 So. 226.

Division B.
Opinion filed October 23, 1931.

256

*F. W. Marsh* and *Philip D. Beall,* of Pensacola, for Plaintiff in Error;

*Watson & Pasco & Brown,* of Pensacola, and *D. Stuart Gillis,* of DeFuniak Springs, for Defendants in Error.

DAVIS, J.—This was a suit at law on an alleged contract made the 23rd day of August, 1924, whereby the defendants in error obligated themselves to sell to the plaintiff in error certain lands in Baldwin County, Alabama. The court below directed a verdict for the defendants and the plaintiff took writ of error. The question to be decided is whether or not the court erred in directing a verdict.

The declaration was in several counts. The written contract sued on was attached as an Exhibit but was not made a part of these counts. The agreement was declared on according to what plaintiff conceived to be the legal effect of the contract sued on. One of the questions involved in the direction of the verdict was consequently whether or not the contract offered in evidence to support the declaration was a different contract in legal effect from the one declared on. If it was, the pleadings put that question in issue and the direction of verdict for the defendants would not be error if the plaintiff failed to prove the contract as laid.

The contract declared on was that on the 23rd day of August, 1924, the defendants entered into an agreement with the plaintiff to sell and deliver to the plaintiff real property described as the Pedro Suarez Grant in Baldwin County, Alabama, on the following terms, to-wit, $18,-000.00, of which purchase price the plaintiff paid the sum of $200.00. The balance was payable in cash on or before 1st day of March, 1925, and was evidenced by the note of

the plaintiff which was to be payable only upon the defendants' delivery to the plaintiff good and sufficient warranty deed to the premises and an abstract of title showing a good title.

On the part of the plaintiff it was contended that the contract entered into bound the defendants to deliver good title shown by an abstract. It was further contended that although the plaintiff's attorney had disapproved the title, that it was still open to the plaintiff to take it; that the time specified in the contract had been waived and that the plaintiff's rights under the contract would continue until notice was served on him giving him an opportunity to take and pay for the property.

On the part of the defendants it was contended that the contract as made was a conditional contract and was variant from the contract declared on, which should have been declared on according to its true character. In this connection, the defendants assert that the nature of the contract was unilateral and was such that they, as vendors, were not bound thereby to cure defects in title and that an oral understanding, if any was entered into as contended by the plaintiff, to cure defects in the title would be void for want of consideration, as well as under the statute of frauds, according to the law of Alabama, which, under the circumstances of this case, controlled the contract sued on.

The construction of the contract urged by the defendants appears to have been adopted by the court below. It is upon this construction of the contract that the propriety of directing a verdict for defendants accordingly rests.

A pertinent provision of the contract offered in evidence is as follows:

"The said Vendors agree to furnish, at their own cost and expense, an abstract of title to the above described property, within 30 days from date hereof, and the purchase of said property by said vendee is conditioned upon the title being found to be good, subject to the approval of the attorney for the vendee, or upon its being

cured and perfected to the satisfaction of said attorney prior to said March 1st, 1925.

The vendors agree to pay all taxes accruing and becoming due upon said property up to October 1st, 1924.

The said Vendee is to be entitled, and may go into the immediate possession of said property without rent or charge therefor, pending consummation of said sale and purchase, but no timber to be removed.

The said Vendors reserve the right to turpentine said property, that is the trees thereon for the period to expire on the 1st of January, 1926, and in the event said sale is consummated, to access and egress thereunto at all time for said purpose. Said Vendors agree to so conduct said operations as not to interfere with the operations of the Vendee, and as to any particular parts or portions of said lands, upon 30' days written notice, to vacate same to the exclusive use of the Vendee, his heirs and assigns.''

As will be noted from the language we have just quoted, it is provided that ''the purchase of said property by said vendee'' is *conditional* upon the title being found to be good, subject to the approval of the attorney for the vendee, or upon its being cured and perfected to the satisfaction of said attorney prior to said March 1, 1925.

When a pleading alleges an absolute promissory agreement and the proof shows one that is contingent or conditional, the variance is fatal. Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, and cases cited.

The contract in terms provided that the *purchase* by vendee should be ''conditional'' upon the title being found by the purchaser to be good. In other words, the contract is to the effect that the vendor agrees to sell and is to furnish to the vendee an abstract of title to be approved by the vendee's attorney. But if the vendee finds the title to be good or if the vendor perfects the title within the time stipulated, then in that event the vendee may accept at his option the title and thereby comply with the *condition* upon which his agreement to purchase is expressly

predicated, otherwise the contract is discharged by failure of the vendee to accept the condition stipulated.

Under the contract as written, there was to be no purchase *in praesenti*. The buyer was under no obligation to take the land at all until after delivery of abstract and his approval of title. Even then the obligation of the *vendee* to make the purchase was *conditioned* upon the title shown by the abstract being found to be good and approved by the buyer's attorney or cured or perfected to their satisfaction prior to March 1, 1925, or such other time as may have been fixed for the *condition* to be acted upon.

The clause that the "purchase of said property by said vendee is conditioned" upon the title being found to be good appears to have been a condition of the whole trade and to that effect such language should be so construed. There is nothing in the contract to warrant a finding that there was an obligation created on the part of the buyer to purchase, and that performance only of buyer's obligation to purchase should be conditioned upon certain things agreed to be done by the vendor.

The contract sued upon appears to be in substance and effect an unconditional agreement by the vendor to sell the lands to the vendee on the terms and conditions specified, the whole trade, however, to be *conditioned* upon the buyer being satisfied to make the purchase after having examined the evidence submitted to him showing the vendor's title. See Taylor v. Williams, 45 Mo. 80; Lewis v. Brock, 123 La. 1, 48 So. 563.

We have heretofore made reference to the fact that the contract was governed by the law of Alabama. Under the law of that State it appears that under a contract for the sale of land providing for payment on approval of title and delivery of deed, the vendor is under no contractual obligation to do anything further to show a good and merchantable title, and, for vendee to bind vendor, he must not only show his readiness, ability and willingness to

comply with the contract, but must have drawn and tendered to vendor a deed ready for execution, and in accordance with the provisions of the contract. While in the absence of contrary stipulation every contract in Alabama for sale of real estate implies that a good title will be made, yet it is held both parties to such a contract be bound by its terms or neither is bound, and where one is bound by an alleged contract to do something when the other party does some other stated act but the contract contains no promise of the other party to do anything or forego any obligation, it is unilateral, without mutuality and revocable at any time before the party to whom it is addressed performs any act on faith of the said contract. See Baker vs. Howison, 213 Ala. 41; 104 So. 239. It is further held by the Alabama Courts in Linn v. McLean, 85 Ala. 250, 4 So. 777, that an oral election to purchase real estate is void as being contrary to the statute of frauds of Alabama. Testimony was offered at the trial to prove that the law of Alabama was such at the time of the making of the agreement involved in this case, as is indicated in the cases just cited.

There is a vast difference between a contract by which one person agrees to sell and the other person agrees to buy a tract of land, the obligation to buy being fixed, but its performance being conditioned upon the express or implied obligation of the vendor to furnish a good title to the land sold, and a contract by which one person agrees to sell and the other person does not agree to buy a piece of land but the obligation of the purchaser to buy is conditioned upon his being satisfied with the title furnished to him by the vendor.

The presiding Judge in the court below construed the contract as being of the latter class. If it was of the latter class, it was a conditional contract which did not support plaintiff's declaration based on an absolute contract. Such being true, there was no error in directing a verdict for the defendant because the evidence of a contingent or con-

ditional contract wholly fails to support an allegation of an absolute promissory agreement and the variance is fatal to a recovery. Wiggins v. Wilson, supra; F. F. & C. Ins. Co. v. Hart, 73 Fla. 970, 75 So. 528; Sulzner v. Price-Williams, 82 Fla. 199, 89 So. 540; Hinote v. Brigman, 44 Fla. 589, 33 So. 303; Foye Tie & Timber Co. v. Jackson, 86 Fla. 97, 97 So. 517; Tripp v. Wade, 82 Fla. 325, 89 So. 870.

Since the direction of a verdict in the court below appears to have been based almost entirely upon a construction of the contract sued on, which is contrary to that contended for by the plaintiff in error, the construction placed upon the contract by the Circuit Judge must stand in the absence of a clear conviction on the part of the Appellate Court that such construction is erroneous. The presumption is in favor of the correctness of the ruling of the Circuit Judge and we cannot say in this case that it has been so clearly demonstrated by the plaintiff in error that the Circuit Judge erred in his construction of the contract that we would feel warranted in reversing the judgment appealed from.

The disposition of the case on the foregoing points makes unnecessary a consideration of the propriety of the rulings made as to the admission and rejection of evidence.

The judgment appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.