L. MAXCY, INC., v. EMMA DART LESURE, Executrix of the Estate of Mary Dart, Deceased.

157 So. 196.

Opinion Filed October 25, 1934.

*Thomas A. McNicholas* and *Paul Ritter,* for Appellant;
*Mattie W. Tompkins* and *S. Colquitt Pardee,* for Appellee.

DAVIS, C. J.—Appellant was a corporation engaged in the business of advancing money to citrus growers for the purpose of producing citrus crops. Appellee was the holder of a real estate mortgage executed on January 28, 1925, on property constituting a citrus grove.

At the solicitation of the appellant, the appellee signed an instrument of writing dated September 14, 1931, by which she, as holder of the real estate mortgage, in consideration of the advantage to the property that would inure from the advances agreed to be made by appellant to properly maintain the mortgaged grove growing on the mortgaged premises, released the lien of her mortgage on "the present crop of fruit now growing on said premises" and in and by said instrument did agree to "subordinate the lien of said mortgage to the crop lien" in favor of appellant.

In foreclosure proceedings the Chancellor, by entering the interlocutory order involved in this appeal, held in effect that the instrument of September 14, 1931, executed by the mortgage, Mary V. Dart, to L. Maxcy, Inc., the appellant, did not have the effect of subordinating the lien of Mary Dart's real estate mortgage to the lien given by the mortgagors, with the approval of said mortgagee, for the ad-

vances referred to in said instrument of September 14, 1931, but applied only to the mortgagee's lien on the crop of fruit growing on the mortgaged land.

This Court has perceived no good reason for not following the Chancellor on the particular proposition of construction of the written instruments involved in the interlocutory order appealed from. Therefore said order is affirmed on the ground that it has not been sufficiently made to appear that the Chancellor's interpretation of the legal meaning and effect of the particular instrument of September 14, 1931, as applied to the facts of this case, is erroneous. Hallie v. Wickersham, 103 Fla. 254, 137 Sou. Rep. 226.

Affirmed and remanded for further proceedings.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.