JOHN THOMSON v. AARON GOLDSTEIN, *et al.*

157 So. 569.
Division A.
Opinion Filed November 15, 1934.

*Jarrell & Brooks,* for Appellant;

*Roland W. Granat,* for Appellees.

Davis, C. J.—Appellant purchased certain property at foreclosure sale, subject to appellees' first mortgage which was later foreclosed in this proceeding. The earlier fore-closure arose out of a second mortgage given by the first mortgagors to appellant, as mortgagee.

After the title to the property had passed to appellant under foreclosure of the second mortgage, appellant, as owner of the land subject to appellees' first mortgage, entered into an extension agreement made under seal with reference to the first mortgage. The substance of this extension agreement was that Goldstein, as first mortgagee, agreed to reduce the interest rate on his mortgage debt from 8 per cent. to 6 per cent. and to extend the maturity of said indebtedness for five years "so long as" Thomson, the holder of the title subject to Goldstein's first mortgage, should promptly pay the interest at the reduced rate and should "keep and perform" all and singular the covenants and agreements contained in the first mortgage notes secured thereby. It was stipulated in the writing that the extension agreement should be binding upon and should inure to the heirs, executors, administrators and assigns of the parties to it, namely, Goldstein and Thomson.

The present appeal is from a deficiency judgment for $2,758.28 rendered against Tillman, the mortgagor, and Thomson in favor of Goldstein on the theory that, by the signing of the extension agreement with Goldstein (the first

mortgagee) Thomson had become liable together with Till-man, the mortgagor, to "keep and perform" the covenants of the first mortgage and of the note secured by the same, including the covenant of payment of the first mortgage.

So the only proposition necessary to be discussed is whether or not Thomson, as the fee owner of the land subject to Goldstein's first mortgage on which he was not liable, became personally liable to "keep and perform" the first mortgage and note it secured, when he negotiated with ·Goldstein, the first mortgagee, a written agreement signed by them both, by which Goldstein agreed to a reduction in the interest rate and an extension of the debt's maturity "so long as" Thomson kept up the interest payments and "shall keep and perform" all the covenants and agreements in Goldstein's note and mortgage contained.

The Chancellor decided that the agreement of April 1, 1931, between Goldstein and Thompson, properly construed in the light of its language and purpose, rendered Thomson liable to the keeping and performance of the Goldstein mortgage. And on that theory the Chancellor included Thomson as being jointly liable on the deficiency judgment awarded Goldstein against Tillman, Goldstein's mortgagor.

In Helie v. Wickersham, 103 Fla. 254, 137 Sou. Rep. 226, we said that we would allow the lower court's construction of a written contract to stand in the absence of a clear conviction on our part that the construction adopted and followed below was erroneous. We have experienced no such clear conviction in this case, especially in view of the language of the controverted instrument signed April 1, 1932, reading: *"and* shall keep and perform all and singular the covenants and agreements" of the first note and mortgage. Therefore the construction placed on that instrument by

the Chancellor should be allowed to stand and the decrees and orders appealed from affirmed.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.