TILLMAN PEARSON, Judge.
The defendant, Victor Posner, has appealed and the plaintiff, Richard S. Flink, has joined in the appeal from a final decree which directs an accounting by defendant Posner on three business ventures between them, and provides that the accounting shall be separate for each transaction.[1]
In addition, the decree finds that the plaintiff Flink is indebted to the defendant Posner in the sum of $21,975.00 which is 75% of a $29,300 profit Flink received in connection with the leasing of the “Imperial Bowl”.
The findings of fact upon which the decree is based are as follows:
“A. That the Plaintiff, Richard S. Flink, is entitled to an accounting from the Defendant, Victor Pos-ner, in connection with their transactions involving:
a. Fort Lauderdale Bowling Al-ey, known as ‘Imperial’ ;
b. Miami Bowling Alley, known as ‘Congress Bowl’ ; and
c.The motel located in Tampa, Florida, known as ‘Congress Inn’.
“B. That the Defendant, Victor Pos-ner, has failed to carry the burden of establishing that the three above-named operations were, insofar as the profits and losses were concerned, to be treated as one overall transaction. They were separate transactions and governed by separate contracts.
“C. Insofar as the counterclaim of the Counter-plaintiff, Victor Pos-ner, seeking to require the Counter-defendant, Richard S. Flink, to account for a secret profit in the amount of Twenty-nine thousand three hundred ($29,300) dollars, which the said Richard S. Flink obtained in connection with the leasing of the Imperial Bowl in Fort Lauderdale, Florida is concerned, the Court is of the opinion that the Counter-plaintiff has sustained the burden of proof in this matter and is entitled to the relief prayed for.”
Appellant Posner urges: (a) That the chancellor erred, after finding that Flink had violated a duty he owed Posner and had gained a secret profit, in that the chancellor should have required Flink to return all of the profit to Posner; (b) That the chancellor erred in finding that the operations were to be treated as separate transactions. The cross-appellant Flink urges: (a) that the chancellor erred in finding that Flink violated a duty as to Posner and therefore no portion of the $29,300 received by Flink should be returned to Posner; *262 (b) that the court correctly found that the three operations should be treated as one overall transaction.
The suit which resulted in the decree appealed was filed by Flink against Posner for an accounting in connection with two bowling alley ventures into which the parties had entered. It appears from the record that Posner was the person providing money in all of the ventures and that Flink was the active partner in the construction of the properties. Each venture was covered by a separate contract. These contracts were carefully drawn and provided for the advance of sums of money by Pos-ner and for their return,, together with interest, from the first profits of the ventures. Posner answered the suit by admitting two ventures but stated in addition that the parties had another venture known as the Congress Inn Motel in Tampa. Posner alleged that because of losses sustained in the operation of the Congress Inn there had been no profit realized for distribution. In addition Posner filed a counter-claim against Flink and alleged a secret profit by Flink. This was the basis of that portion of the decree concerning the $29,300 received by Flink. Flink admitted the making of the profit but claimed that it was not a secret profit and therefore he was not required to account to Posner. Extensive testimony was taken before the court and the decree appealed was entered thereon.
We discuss first the question of whether the court correctly found that the ventures were separate transactions. The real question here is whether or not there is substantial evidence in the record to support the chancellor’s finding that the ventures were separate transactions. We find that such evidence appears in the record in that the parties clearly considered the transactions separate in the beginning, and so treated them in the drawing of the separate contracts, even though the contracts were drawn at approximately the same time. The parties entered into the transactions at different times under oral agreements and later wrote the agreements. This action in itself indicates an intention to treat the contracts separately. Where the chancellor has construed an ambiguous contract, an appellate court will not change that construction unless no valid legal basis exists for the conclusion reached. Helie v. Wickersham, 103 Fla. 254, 137 So. 226. We therefore affirm that portion of the decree.
We next consider the issue as to the $29,300 benefit realized by Flink. This profit was realized by the transfer to Flink by third parties, stock in a corporation which was organized to lease the “Imperial Bowl.” It is Flink’s contention that this transfer was in the nature of a commission to him for the negotiation of an advantageous contract between the leasing corporation and the organization providing the equipment for the business. He urges that as an independent contractor he was not in a confidential relationship with Posner. The conclusion that a confidential relationship -existed in the transaction is a finding of the chancellor, and it. has an adequate basis in the record. It is Posner’s position that at the time of the realization of the profit, Flink was acting as his agent for the leasing of the “Imperial Bowl” to the new corporation, and therefore, Flink as his agent could not make a profit which would be separate and apart from his actions as Posner’s agent. He then urges that the entire $29,300 should be under the law a forfeit to him. It is clear that the general rule is that an agent is chargeable with a breach of duty, if, without the knowledge and consent of his principal, he derives profit from a transaction which operates directly to the prejudice of the principal’s business, and that agent will not be permitted to retain the profits. Connelly v. Special Road & Bridge Dist. No. 5, 99 Fla. 456, 126 So. 794, 71 A.L.R. 923. Here there was no finding that the profit operated to the prejudice of Posner’s interest, nor do we conclude that such a finding is impelled by the record. Rather we think the record clearly sustains the *263 chancellor that the profit was a part of the whole transaction and grew out of the business contemplated by the contract between Posner and Flink. Flink is properly held accountable to the business venture for the profit realized, but it does not follow that the entire profit belongs to Posner.
Having reached the determination that Flink was accountable for the profit realized the chancellor incorrectly considered this profit as a separate matter to be divided, as set forth in the contract for the division of operational profits (75% to Posner, 25% to Flink). The chancellor overlooked and failed to apply a provision of the contract relative to “Imperial Bowl” as follows:
“In the event the monies advanced by the undersigned, [Posner] as aforesaid, exceed the sum of $150,000, and in the event Fort Lauderdale Ten Pin Lanes, Inc., or its assigns leases the referenced property, then, and in such event, the monies advanced by the undersigned in excess of $150,000, together with accrued interest thereon at the rate of ten per cent per annum, compounded annually, will be repaid to the undersigned from the first net profits (as hereinabove defined) received under said lease.”
This provision of the contract clearly contemplates repayment to Posner of advancements made by him in excess of $150,000, which excess is clearly shown in the record in this case, before any profit is determined or distributed to Flink. The $29,300.00 profit secured by Flink was a “first net profit (as hereinabove defined) received under said lease.”
It is axiomatic that where no ambiguity exists the parties are bound by the clear terms of their contract. Jefferson Insurance Company v. Fischer, Fla.1964, 166 So.2d 129. Therefore that portion of the final decree which provides as follows:
“2. By reason of the counterclaim of the Defendant, Victor Posner, the said Richard S. Flink is indebted to the said Victor Posner in the sum of Twenty-one thousand nine hundred seventy-five and no/100 ($21,975) dollars, which is seventy-five (75%) per cent of the $29,300.00 profit he received in connection with the leasing of the Imperial Bowl.”
“It is the Court’s order that until the completion of the accounting aforesaid and a determination of what sums, if any, are due the Plaintiff, payment ' of said sum of $21,975.00 shall be deferred until further Order of this Court.”
is reversed and the chancellor is directed to amend the decree by the substitution therefor of the following paragraph:
“2. By reason of the counterclaim of the defendant, Victor Posner, the said Richard S. Flink is indebted to the said Victor Posner in the sum of $29,300 profit he received in connection with the Imperial Bowl and said indebtedness shall be considered as an item in the accounting between the Parties.”
Accordingly, the decree appealed is affirmed in part and reversed in part and the cause remanded with directions to enter an amended decree.
Affirmed in part and reversed in part.

. CON SIDERED, ORDERED, ADJUDGED and DECREED as follows:
1. An accounting shall be taken on the Port Lauderdale Ten Pin Lanes, known as “Imperial Bowl”, the Miami Ten Pin Lanes, known as “Congress Bowl”, and, if desired by the Plaintiff, on the operation of the Congress Inn in Tampa, Florida.
The accounting shall be separate for each transaction to determine what profits, if any, should be distributed to the Plaintiff under the terms of the several agreements entered into between Plaintiff and Defendant covering each of these transactions.